S94A0078. JONES v. THE STATE.
(442 SE2d 245)

THOMPSON, Justice.

Ahmad Jones was convicted of murder and aggravated assault in the shooting death of Nelson Sevier, Jr., and of the aggravated assault of Eric Hardwick.[1] We affirm, except with respect to the conviction and sentence for the aggravated assault of Sevier, which we vacate.

1. Jones asserts the general grounds. Viewed in a light most favorable to the verdict, the evidence shows that Sevier, a grocery salesman, was placing trash in a dumpster outside a convenience store on his delivery route when he was approached by Jones and co-defendant Cody.[2] According to Cody's custodial statement, he and Jones had gotten together earlier in the day, at which time Jones displayed

---

[1] The crime occurred on January 2, 1992. Jones was indicted on January 29, 1992, tried on August 19-20, 1992, and found guilty of murder and two counts of aggravated assault. He was acquitted of felony murder. He was sentenced on August 20, 1992 to life imprisonment for murder and to 20-year concurrent sentences on the aggravated assault convictions, to be served in a youth detention center until the age of 17 and then transferred to the Department of Corrections to serve the remainder of his sentence. A motion for new trial was filed on September 3, 1992 and amended on January 27, 1993. The motions were denied on August 13, 1993. A notice of appeal was filed on August 25, 1993 and the appeal was docketed on October 14, 1993. The case was submitted for decision on briefs on January 13, 1994.

[2] Cody was indicted for aiding and abetting in the murder, felony murder and aggravated assault of Nelson Sevier, Jr., and as a party to the aggravated assault of Eric Hardwick. He pled guilty to aggravated assault and testified at trial as a witness for the State.

a .38 caliber pistol and said that he wanted some money and was going to rob somebody. Later the two were walking in the vicinity of the convenience store when they observed Sevier at the dumpster. Jones told Cody to wait while he (Jones) approached Sevier with the pistol in hand, telling him to "give up" his money. When Sevier refused, Jones fired one shot into his chest. The bullet penetrated Sevier's lung, exited his body and hit Hardwick, a bystander, in the face. Sevier died of a massive hemorrhage resulting from the gunshot wound. Cody was apprehended at the scene. He implicated Jones who later surrendered to police.

Jones testified in his own defense. He admitted shooting the victim, running from the scene and hiding the pistol. He claimed, however, that he did so for his own protection after the victim made a racially derogatory remark and reached behind his back as if to procure a weapon.

On this evidence, the jury was authorized to find Jones guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. A defendant may not be convicted of felony murder and also be convicted of the underlying felony which was alleged by the indictment to support the felony murder conviction. The conviction and sentence for the aggravated assault of Nelson Sevier, Jr. is therefore vacated. *Zackery v. State*, 257 Ga. 442 (2) (360 SE2d 269) (1987).

3. The remaining enumerations of error are without merit.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MAY 2, 1994.

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Angela M. Hinton, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Assistant Attorney General*, for appellee.