## A00A0796. KING v. THE STATE.
### (530 SE2d 744)

Eldridge, Judge.

This is the second appearance of this case before us. See King v. State, 238 Ga. App. 575 (519 SE2d 500) (1999), wherein Stanley King appealed from his conviction for possession of 35 pounds of marijuana with intent to distribute. Previously, we decided the substantive issues raised by Stanley King on appeal but remanded for a hearing on King's motion for new trial based upon a claim of ineffective assistance of counsel against Pete Whitlock, who at the time of King's trial was a member of defense attorney Bruce Harvey's firm. Subsequently, the trial court denied King's motion in an order which found that Whitlock provided effective legal assistance at trial and that "[t]he defendant's claim of ineffective assistance of counsel is meritless." King appeals from this order. After reviewing the record, we do not find error in the trial court's conclusions, and thus, we affirm.

1. King contends that Whitlock was ineffective for failing to object to the admission of King's prior conviction for sale of methamphetamine. However, as noted by the trial court, the State's introduction of the similar transaction evidence was vigorously contested prior to trial by Harvey. Whitlock's subsequent failure to object to the evidence at trial was irrelevant, since evidence of King's prior sale of drugs was properly admitted for the purposes offered by the State, i.e., to show intent and course of conduct in engaging in the business of distributing controlled substances. Chappell v. State, 215 Ga. App. 596, 597 (1) (451 SE2d 491) (1994).[1]

2. We have reviewed King's remaining contentions against Whitlock and find them equally meritless. As concluded by the trial court: (a) King made the decision that "I ain't testifying," not Whitlock; (b)

---

[1] King's reliance on our decision in King v. State, 230 Ga. App. 301 (496 SE2d 312) (1998) (unrelated to the instant case), is misplaced. There, we held that a 1984 conviction for sale of drugs did not demonstrate a defendant's course of conduct or intent to use drugs 13 years later. Here, both the charged offense and the similar transaction evinced the intent to distribute narcotics.

Whitlock and his co-counsel were "intimately aware and knowledgeable of the facts of the case," had consulted with both King and Harvey about the case, and had tried the case earlier before the parole board; and (c) Whitlock's tactical decision not to call witnesses and preserve the right to closing argument does not warrant a finding of ineffective assistance of counsel. See *Brown v. State*, 268 Ga. 354, 357 (4) (a) (490 SE2d 75) (1997).

Further, this Court previously found that the denial of King's motion for continuance based on the absence of Harvey was not error, because King's motion for continuance failed to demonstrate that his attorney of choice, Harvey, would be available at the next term to try the case; in fact, the evidence showed that Harvey had not even been fully retained at the time of trial. *King v. State*, supra at 577. Herein, this evidentiary status has not changed. King has failed to show that his attorney of choice, Harvey, would have been available to represent King at trial had the court continued the case to the next term pursuant to King's motion.[2] See OCGA § 17-8-24. Accordingly, King's unfounded assertions cannot provide a basis for a finding that Whitlock was ineffective with regard to the filing of a motion for continuance in this case.

"[A] trial court's finding that appellant had been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. [Cit.]" *Datz v. State*, 210 Ga. App. 517, 519 (3) (d) (436 SE2d 506) (1993). As the trial court's findings are supported by the record, we do not find error in the court's conclusion that King received effective assistance of counsel.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MARCH 8, 2000.

*William A. Jordan*, for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.

---

[2] Harvey testified at the hearing that he had been "halfway retained"; that "my office undertook the representation of Mr. King"; and that he had made it clear to King that "he hired not Bruce Harvey, but Bruce Harvey's firm."