## S02A1774. SCOTT v. THE STATE.
(576 SE2d 860)

CARLEY, Justice.

A jury acquitted Tyrone Scott of the malice murder of Dorothy Hicks, but found him guilty of felony murder during the commission of aggravated assault upon her. The jury also returned guilty verdicts on two separate counts of aggravated assault, and on one count of possession of a firearm by a convicted felon. The trial court entered judgments of conviction and sentenced him to life imprisonment for murder and to concurrent terms of years for the remaining four offenses. After denial of a motion for new trial, Scott brings this appeal.[1]

1. The nude body of the victim was discovered on top of the air conditioning unit located beneath a second-story window in Appellant's apartment. The window screen was bent and protruded from the inside. Tree limbs between the window and the air conditioner were broken. Although Ms. Hicks had been beaten, she died from manual strangulation. She was seen the night before standing outside Scott's apartment building. When the investigating officers

---

[1] The crimes were committed on January 14, 1997. The grand jury indicted Scott on April 8, 1997. The jury returned the guilty verdicts on March 3, 1998, and the trial court entered the judgments of conviction and imposed the sentences on that same day. Appellant filed a motion for new trial on March 24, 1998, which the trial court denied on June 11, 2002. Scott filed a notice of appeal on July 1, 2002. The case was docketed in this Court on August 5, 2002. The appeal was submitted for decision on September 30, 2002.

went to speak with him, he had scratches or marks on his neck and arms. They also noticed that his sheets were soaking in bleach. After obtaining a warrant to search Appellant's apartment, the police discovered a pistol, as well as a jacket and a false fingernail similar to those worn by the victim. They found the remainder of her clothing in the apartment complex's trash bin. Her DNA was present in blood located on Scott's bedspread. In Appellant's statement to the police, he denied knowing Ms. Hicks and doubted that she had ever been in his apartment. The State produced evidence that, in 1983, Scott was convicted in Ohio of a similar, but non-fatal, assault on a woman.

When construed most strongly in support of the jury's verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof of Scott's guilt of felony murder and the additional crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the count that alleged he committed aggravated assault by "choking and strangling" the victim merged into the felony murder count, which alleged that he caused her death during the commission of aggravated assault in which he "chok[ed] and strangl[ed]" her. *Jones v. State*, 264 Ga. 144, 145 (2) (442 SE2d 245) (1994). Accordingly, a separate conviction and sentence on that aggravated assault count was not authorized and must be vacated. The other aggravated assault count alleged that Scott committed that offense by beating, rather than by choking and strangling, Ms. Hicks. Because the evidence showed that Scott administered a non-fatal beating to the victim which was separate and distinct from the choking and strangling which killed her, a conviction and sentence on that count was authorized. See *Lowe v. State*, 267 Ga. 410, 411 (1) (b) (478 SE2d 762) (1996); *Grace v. State*, 262 Ga. 746, 747 (2) (425 SE2d 865) (1993); *Knight v. State*, 190 Ga. App. 87, 88 (2) (378 SE2d 373) (1989); *Watson v. State*, 178 Ga. App. 778, 780 (2) (344 SE2d 667) (1986).

2. As noted, the indictment alleged that Scott "did unlawfully during commission of the following felony, to wit: Aggravated Assault, cause the death of Dorothy Hicks, a human being, by choking and strangling her . . . ." He contends that this language fails to charge him with the crime of felony murder because the allegations as to the predicate felony of aggravated assault are insufficient. See *Smith v. Hardrick*, 266 Ga. 54 (464 SE2d 198) (1995).

Here, as in *Borders v. State*, 270 Ga. 804, 807 (1) (514 SE2d 14) (1999), "[w]e need not decide . . . whether the felony murder [count] was adequate to put [A]ppellant on notice that he might be convicted of felony murder because the malice murder [count] sufficiently apprised [him] of that possibility." The allegations of the malice murder count were that Scott "did unlawfully and with malice aforethought, cause the death of Dorothy Hicks, a human being, by chok-

ing and strangling" her. Thus, even assuming that the felony murder count was technically deficient for the reason asserted, the language of the malice murder count was otherwise sufficient to put the defense on notice that Scott was accused of causing the death of the victim by committing an aggravated assault against her. *Borders v. State*, supra at 805 (1). See also *Foster v. State*, 259 Ga. 206, 207 (4) (378 SE2d 681) (1989). Compare *Smith v. Hardrick*, supra (challenge to count charging only aggravated assault, rather than indictment containing alternative malice and felony murder counts).

3. The convictions and sentences for felony murder, aggravated assault based upon the non-fatal beating of Ms. Hicks, and possession of a firearm by a convicted felon are affirmed. The conviction and sentence for aggravated assault predicated on choking and strangling the victim are vacated.

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.