A04A1953. CHANCELLOR v. THE STATE.
(606 SE2d 105)

JOHNSON, Presiding Judge.

A jury found Bryon Chancellor guilty of possession of methamphetamine with intent to distribute. Chancellor was acquitted of trafficking in methamphetamine. Despite trial counsel's success in securing an acquittal on the trafficking charge, Chancellor contends he was denied effective assistance of counsel because his trial counsel (1) failed to prepare for the defense of the case prior to trial by subpoenaing or calling witnesses; (2) failed to inform Chancellor of the state's evidence against him; and (3) failed to prepare Chancellor to testify at trial. The trial court found that Chancellor received effective assistance of counsel. We agree and affirm Chancellor's conviction.

To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense.[1] The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[2] In evaluating an attorney's performance, there is a strong

---

[1] *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001).
[2] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[3] We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial court could not reliably have produced a just result.[4]

Here, the record shows that narcotics agents with the Henry County Police Department arranged to buy four ounces of methamphetamine from William Hawkins, Chancellor's co-defendant. The sale was to take place in the parking lot of a local restaurant. When Hawkins arrived to make the sale, Chancellor was traveling with him, and Hawkins later made a statement that Chancellor was his source for narcotics. Both Hawkins and Chancellor were arrested. A black bag observed in Chancellor's lap contained a set of electronic scales, playing cards, baggies, and approximately 14 grams of methamphetamine.

Chancellor received a court-appointed attorney, who represented him at the preliminary hearing and a bond hearing. The appointed counsel met with Chancellor two or three times, and Chancellor was subsequently released on bond. While out on bond, Chancellor met with his counsel at least twice during calendar calls. In addition, Chancellor testified that he had two appointments with his counsel, but that he failed to appear for the appointments. Chancellor cancelled one appointment, and planned to attend the other one, but "something came up that I just couldn't get there, and I didn't call or anything that particular time." Despite Chancellor's limited meetings with his counsel, trial counsel testified that he felt prepared for trial. According to counsel, he had filed discovery motions, reviewed the state's file, and talked with the narcotics agents. He had also conducted the preliminary hearing and bond hearing, and had met with Chancellor at calendar calls.

Chancellor claims he was denied the right to subpoena Tanya Gantt and Tammy Land. According to Chancellor, Gantt would have testified that she arranged to meet Chancellor at a convenience store and that Chancellor did meet her and gave her $250 to buy Christmas presents for her children. First of all, we fail to see how this testimony would have been exculpatory. Moreover, trial counsel testified that he evaluated Gantt's testimony and determined that her testimony only related to the trafficking charge, for which he believed he could already, and in fact did, obtain an acquittal. According to trial counsel, Gantt's testimony was not necessary and he believed it would be more effective to retain closing argument. As for Land, there

---

[3] *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999).
[4] *Glass v. State*, 255 Ga. App. 390, 401 (10) (565 SE2d 500) (2002).

is no testimony from Land in the record. Hawkins testified that Land was the source for the methamphetamine sold to police. However, it is unlikely Land would have claimed ownership of the drugs in Chancellor's possession or have been able to exonerate Chancellor because she was not present at the scene. Trial counsel's tactical decision not to call Gantt or Land and preserve the right to closing argument does not warrant a finding of ineffective assistance of counsel.[5] We will not second-guess those decisions on appeal.[6]

Chancellor argues that his trial counsel was ineffective in that he failed to prepare Chancellor to testify at trial and failed to help Chancellor understand the evidence to be presented against him. However, it may be inferred from the record that any failure on the part of Chancellor to understand the case against him or be ready to testify at trial is attributable to Chancellor's failure to meet with his trial counsel until just prior to trial. Trial counsel testified that one of the things he always does with clients is let them know about their absolute right to testify and that it is their decision whether to testify. Trial counsel further testified that if Chancellor had wanted to testify, he had an opportunity to prepare to testify, but chose not to meet with counsel. And, Chancellor testified that counsel mentioned his right to testify at trial, but on the day of trial Chancellor decided not to testify because he did not feel prepared. As for Chancellor's understanding of the case, trial counsel testified that the state's discovery was available to Chancellor and that they discussed plea offers and the state's notice of aggravation of punishment. The trial court's finding that trial counsel provided effective assistance of counsel was not clearly erroneous as there was evidence to support it.[7]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 15, 2004.

*Suellen Fleming*, for appellant.
*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Assistant District Attorney*, for appellee.

---

[5] *King v. State*, 242 Ga. App. 642, 643 (2) (530 SE2d 744) (2000).
[6] *Carter v. State*, 265 Ga. App. 44, 50 (4) (d) (593 SE2d 69) (2004).
[7] See *Minton v. State*, 205 Ga. App. 430, 432 (2) (e) (422 SE2d 300) (1992).