DECIDED MAY 31, 2005 —
RECONSIDERATION DENIED JUNE 14, 2005 —

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Teri B. Walker, Assistant Solicitors-General*, for appellee.

A05A0328. WILLIAMS v. THE STATE.
(615 SE2d 792)

RUFFIN, Chief Judge.

A jury found Changamere Williams guilty of burglary. On appeal, Williams challenges the sufficiency of the evidence. He also contends that the trial court erred in admitting similar transaction evidence and that he received ineffective assistance of counsel. For reasons that follow, we find these allegations of error lack merit and thus affirm.

1. On appeal from a criminal conviction, Williams no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to the jury's verdict.[1] We neither weigh the evidence nor determine witness credibility, but merely determine whether the evidence is sufficient to establish Williams's guilt beyond a reasonable doubt.[2]

Viewed in this manner, the evidence demonstrates that during the night of January 15 through the early hours of January 16, 2003, Siemens Building Technologies was burglarized and approximately 13 computers were stolen. According to Siemens employee Lance Richardson, the thief "cherry-picked" the most expensive computers available. Richardson testified that he was able to provide the police with serial numbers for the computers. Surveillance cameras also captured photographs of the perpetrator, who was wearing a blue Siemens baseball cap as he left the premises.

Several of the stolen computers were subsequently discovered at Microseconds, a computer reseller. A manager for the company testified that, on January 21, Williams brought the computers there to be sold. According to the manager, it was not the first time Williams had brought used computers to Microseconds for resale.

Detective Charles Moore of the Gwinnett County Police Department investigated the burglary and learned that the person who

---

[1] See *Heard v. State*, 268 Ga. App. 718 (603 SE2d 69) (2004).
[2] See id.

brought the computers to Microseconds was returning for a check. Williams arrived at Microseconds in a rented Dodge truck, and he was arrested and taken into custody. On the seat of the truck, Moore found a blue Siemens baseball cap.

At Williams's trial, the State presented evidence of two similar transactions. In the first, Vicki Morrow testified that in January 1996, while working at night for BellSouth, a man approached her and asked why she was working late. Morrow replied that she hoped to leave soon. The next morning, Morrow discovered that multiple computers had been stolen from the office. Williams subsequently pleaded guilty to burglarizing BellSouth.

In the second transaction, Andrea Goins testified that in January 1998, she worked for a service that had a contract to clean Fidelity Bank. While cleaning the bank at night, she was approached by a man who identified himself as "Changa Williams" and who asked Goins on a date. That night, several computers were stolen from the bank. Williams also pleaded guilty to this crime.

In his first enumeration of error, Williams contends that the circumstantial evidence of his guilt is insufficient to support the jury's verdict. We disagree. " 'To support a conviction, circumstantial evidence must exclude every reasonable hypothesis except the guilt of the accused, not remove every possibility of the defendant's innocence.' "[3] Whether the circumstances are sufficient to exclude every reasonable hypothesis except that of the defendant's guilt is a jury question.[4] Given Williams's possession of the stolen items, the similar transactions, and the blue Siemens baseball cap police found in Williams's rented vehicle, the jury was authorized to conclude that Williams committed the burglary.[5]

2. In a related claim of error, Williams argues that the trial court erred in admitting the similar transaction evidence. According to Williams, the other crimes were not sufficiently similar to establish his identity as the perpetrator of the Siemens burglary.

We will not disturb a trial court's ruling that similar transaction evidence is admissible absent an abuse of discretion.[6] Before similar transaction evidence can be introduced, the State must show that: (1) the evidence is being offered for a proper purpose, such as illustrating the defendant's identity, course of conduct, or bent of mind; (2) the accused committed the separate offense; and (3) the transaction is

---

[3] *Wilkes v. State*, 269 Ga. App. 532, 533 (1) (604 SE2d 601) (2004).

[4] See *Brown v. State*, 267 Ga. App. 642, 645 (1) (600 SE2d 731) (2004).

[5] See *Sinclair v. State*, 248 Ga. App. 132, 133 (1) (546 SE2d 7) (2001) (" '[u]nexplained recent possession of (the) stolen goods supports an inference that (he) committed the theft' "); *Etheridge v. State*, 228 Ga. App. 788, 788-789 (1) (492 SE2d 755) (1997).

[6] See *Anderson v. State*, 261 Ga. App. 456, 461 (3) (582 SE2d 575) (2003).

sufficiently similar to the crime charged such that the former tends to prove the latter.[7]

Here, it is undisputed that Williams committed the acts which constitute the prior transactions. And, contrary to his contention, the prior transactions were sufficiently similar to warrant introduction in evidence. Both prior transactions involved stealing computers and computer equipment from an office building in the late night hours. Under these circumstances, the trial court did not abuse its discretion in admitting evidence of the similar transactions.[8]

3. In his final enumeration of error, Williams alleges that he received ineffective assistance of trial counsel. Specifically, he claims that his attorney failed to tender evidence to illustrate a color discrepancy between the truck apparently used during the Siemens burglary and the truck he was driving when he was arrested. Williams also contends that counsel failed to object to the introduction of his driver's license in evidence, arguing that the State failed to lay a proper foundation for its admission.

In order to prevail on his ineffectiveness claim, Williams must prove both that his attorney's performance was deficient and that, but for the alleged deficiency, there is a reasonable probability that the outcome of the trial would have been different.[9] "In meeting this burden, [Williams] 'must overcome the strong presumption that counsel's conduct fell within the broad range of reasonable professional conduct.'"[10]

Here, although Williams baldly asserts that his attorney was ineffective in failing to object to the admission of his driver's license in evidence, he makes no attempt to demonstrate how he was harmed by this alleged failure and thus has not established prejudice.[11]

With respect to counsel's failure to tender evidence to illustrate discrepancies in Detective Moore's testimony, the attorney testified that he believed that the same evidence was essentially obtained through cross-examining Detective Moore. Thus, counsel opted not to tender evidence in order to preserve final closing argument. As a general rule, tactical decisions cannot serve as the basis for an ineffective assistance claim.[12] And "[d]eclining to present evidence (other than the defendant's own testimony) so as to preserve the final word in closing argument is a well-recognized trial tactic."[13] It follows

---

[7] See id. at 461-462.

[8] See id.; *Carter v. State*, 269 Ga. App. 363, 364-365 (604 SE2d 210) (2004).

[9] See *Serrate v. State*, 268 Ga. App. 276, 277 (2) (601 SE2d 766) (2004).

[10] Id.

[11] See *Jackson v. State*, 252 Ga. App. 157, 164 (6) (c) (555 SE2d 835) (2001).

[12] See *Sexton v. State*, 268 Ga. App. 736, 739 (2) (603 SE2d 66) (2004).

[13] (Punctuation omitted.) Id.

that trial counsel's tactical decision not to tender evidence — particularly cumulative evidence — does not warrant a finding of ineffective assistance of counsel.[14]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 14, 2005.

*Thomas S. Robinson III,* for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney,* for appellee.

---

[14] See id.; *Chancellor v. State,* 270 Ga. App. 87, 89 (606 SE2d 105) (2004).