## A07A1310. MAY v. THE STATE.
(651 SE2d 510)

ADAMS, Judge.

After a jury found Charles May guilty of aggravated assault in connection with an attack on his girlfriend, he was convicted and sentenced to twenty years with ten to serve. On appeal, May argues that the evidence was insufficient, that the indictment against him was defective, that the trial court erred in admitting evidence of prior difficulties and in charging the jury, and that trial counsel was ineffective. We find no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that the victim and May, who had moved to Walnut Street a few weeks before, were walking down the street toward the house they shared when they began to argue. May went into the house while the victim remained outside. May then came out of the house and advanced toward the victim, who backed into the street and was almost hit by a car. Soon afterward, when May again came after the victim, she asked the garbage men in the area to call police. Finally, May approached the victim with a stick and tried to hit her. When the victim again retreated into the street, May knocked her down and brought his right foot down on her head three or four times until someone told him that the police were coming. A police officer coming around the corner at that moment saw May in the middle of the street stomping the victim repeatedly with his right leg. May was arrested on the spot, and told police later that day that he had beaten the victim because she had disrespected him. The victim, who bled heavily at the scene, suffered a two-inch long laceration, brain hemorrhaging resulting in a stroke, and permanent brain injury.

1. May argues that the indictment against him was fatally defective in that it did not recite that his hands were used as deadly weapons putting the victim in reasonable apprehension of serious injury. We disagree.

The essential elements of aggravated assault are "(1) an assault on a person as defined in OCGA § 16-5-20 and (2) [the] use of a deadly weapon or an object which when used offensively against a person is likely to or actually does result in serious bodily injury." (Emphasis supplied.) *Jay v. State*, 232 Ga. App. 661, 662 (1) (503 SE2d 563) (1998), citing OCGA § 16-5-21 (a) (2). The indictment in this case recites that May

> did then and there assault [the victim] by hitting her in the face with his fist and knocking her down and stomping her on the head with his feet, said hands and feet, instrumentalities when used offensively against a person, [being] likely to or actually result[ing] in serious bodily injury. . . .

When this indictment specified that May's hands and feet "were likely to result in serious bodily injury," it successfully charged him with aggravated assault. See *Jay*, supra (when indictment charged that defendant's fists were likely to result in serious bodily injury, no reference to deadly weapons was required). May having been properly charged, the evidence outlined above was sufficient to sustain his conviction. *Jackson*, supra.

2. May also argues that the trial court erred when it admitted his prior guilty plea for aggravated assault and other crimes concerning his 2001 pistol-whipping of the victim, and that the trial court's limiting instruction was inadequate. We disagree.

The record shows that when the victim testified as to the 2001 incident, the trial court instructed the jury that the evidence was admissible "for the sole purpose of showing the defendant's bent of mind . . . and the nature of the relationship between them. . . . The prior incidents are not direct evidence of what happened in the incident that's in the indictment." On direct inquiry, May agreed that this instruction was sufficient. Later on the same day, May took the stand and raised the subject of his probation for the 2001 incident. The State then introduced a certified copy of his plea and conviction.

As counsel agreed at the hearing on May's motion for new trial, evidence of prior difficulties between him and the victim was admissible to show his motive, intent, and bent of mind. See *Williams v. State*, 277 Ga. 853, 855 (596 SE2d 597) (2004); *Wall v. State*, 269 Ga. 506, 509 (500 SE2d 904) (1998). The trial court delivered an adequate limiting instruction to that effect at the time the subject of the 2001 incident was first introduced, and had no responsibility to repeat that

instruction when further evidence on the topic was introduced later on the same day. See *Parks v. State*, 275 Ga. 320, 325 (4) (565 SE2d 447) (2002) (trial court did not err when it gave limiting instruction on prior difficulties at the time that evidence was introduced); *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998) (absent a request, a trial court need not deliver a limiting instruction on prior difficulties).

3. May also argues that the trial court erred when it delivered the instruction to the jury that "every person is presumed to be of sound mind and discretion, but the presumption may be rebutted." See OCGA § 16-2-3. The charge recited the pattern charge on presumption word for word. See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II (3d ed. 2006), § 1.41.12, p. 34; *Pollard v. State*, 249 Ga. 21, 22 (2) (287 SE2d 189) (1982). There was no error here.

4. Finally, May argues in passing that counsel was ineffective when he failed to demur to the indictment and to request an additional limiting instruction concerning the 2001 incident at the time the certified copy of the conviction was introduced. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000).

As we have suggested above, counsel's failure to demur to the indictment and to request an additional limiting instruction concerning the 2001 incident could not have amounted to deficient performance, since the acts, had they occurred, would have been unavailing. See *Harris v. State*, 258 Ga. App. 669, 672 (1) (574 SE2d 871) (2002) (failure to demur to valid indictment cannot amount to ineffective assistance); *Smith v. State*, 270 Ga. 68, 70 (3) (508 SE2d 145) (1998) (failure to request a limiting instruction on similar transaction until the close of evidence did not constitute ineffective assistance). Nor can May show a likelihood that the outcome of the trial would have been different but for counsel's omissions. See *Harris*, supra, 258 Ga. App. at 672 (2).

For all these reasons, the trial court did not err when it denied May's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

Decided September 4, 2007.

*Robert M. Bearden, Jr.*, for appellant.
*Howard Z. Simms, District Attorney*, for appellee.