S10A0382. LIZANA v. THE STATE.
(695 SE2d 208)

CARLEY, Presiding Justice.

After a jury trial, Ricardo Ray Lizana was acquitted of malice murder and found guilty of the felony murder of Kelly Woods while in the commission of aggravated assault. The trial court entered judgment of conviction on the guilty verdict and sentenced Lizana to life imprisonment. A motion for new trial was denied, and Lizana appeals.[*]

---

[*] The crime occurred on November 14, 2004, and the grand jury returned an indictment on April 12, 2005. The jury found Lizana guilty on June 24, 2005 and, on that same day, the trial court entered the judgment of conviction and sentence. The motion for new trial was filed

1. Construed most strongly in support of the verdicts, the evidence shows that, after Lizana's girlfriend left her apartment, the victim drove up and gave her a hug and a kiss on the cheek. Lizana then came out of the apartment, grabbed the victim, who never resisted, and hit him. When the victim fell to the ground, Lizana repeatedly stomped and kicked him. The victim died from multiple catastrophic injuries to his head and neck. The evidence was sufficient to authorize a rational trier of fact to find Lizana guilty beyond a reasonable doubt of felony murder while in the commission of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Dasher v. State*, 285 Ga. 308, 309 (1) (676 SE2d 181) (2009).

2. The felony murder count of the indictment alleged that Lizana unlawfully caused the death of the victim, while in the commission of aggravated assault, "by striking [him] about the head and body, using his hands and feet as objects likely to, and which actually did result in serious bodily injury . . . ." Lizana contends that trial counsel was ineffective in failing to demur to this count, or to file a motion in arrest of judgment after the conviction, on the ground that the indictment did not allege the essential element that Lizana's hands and feet were objects which, "when used offensively," were likely to or actually did result in serious bodily injury.

> To prevail on this claim, [Lizana] must show that [his] attorney's performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). . . . We must accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we apply the appropriate legal principles to the facts independently. [Cit.]

*Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004).

"[D]ue process of law requires that the indictment on which a defendant is convicted contain all the essential elements of the crime." *Borders v. State*, 270 Ga. 804, 806 (1) (514 SE2d 14) (1999). The essential elements of aggravated assault under OCGA § 16-5-21 (a) (2) "are '(1) an assault on a person as defined in OCGA § 16-5-20 and (2) (the) use of a deadly weapon or an object which when used offensively against a person is likely to or actually does result in

on July 5, 2005, amended on July 14, 2009, and denied on September 29, 2009. Lizana filed the notice of appeal on October 23, 2009. The case was docketed in this Court on January 4, 2010, and submitted for decision on the briefs.

serious bodily injury.' [Cit.]'' (Emphasis omitted.) *May v. State*, 287 Ga. App. 407, 408 (1) (651 SE2d 510) (2007). "The purpose of [that] statute is to treat as a felony those assaults likely to result or actually resulting in serious bodily injury, whether through the use of an external weapon or the defendant's hands and feet. [Cits.]" *Wright v. State*, 228 Ga. App. 779, 780 (1) (492 SE2d 680) (1997).

"The indictment alleged a specific, offensive use of" Lizana's hands and feet. *Adams v. State*, 293 Ga. App. 377, 381 (3) (667 SE2d 186) (2008). That use was causing the victim's death by striking him about the head and body. The indictment further alleged that, when Lizana's hands and feet were used in that particular way, they were objects which were likely to and actually did result in serious bodily injury. Thus, Lizana "could not admit the [underlying] aggravated assault charge of the indictment and still be innocent of aggravated assault." *Adams v. State*, supra.

Lizana argues that omission of the phrase "when used offensively" effectively silenced his defense of justification by implying that his hands and feet could have been used in a defensive manner. However, Lizana does not support this argument with authority, and we conclude that the absence of self-defense, like general intent, "need not be expressly alleged in an indictment. [Cits.]" *State v. Austin*, 297 Ga. App. 478, 479 (677 SE2d 706) (2009). See also *Adams v. State*, supra. Even if some such allegation were necessary, language in the indictment asserting that Lizana acted "unlawfully" and "contrary to the laws of [this] State, the good order, peace and dignity thereof" was sufficient. See *State v. Austin*, supra at 479-480.

The indictment "contained sufficient facts to put [Lizana] on notice that [he was] accused of the death of the victim as a result of an aggravated assault." *Borders v. State*, supra at 808 (1) (omitting the phrase "when used offensively" and other statutory language, but "charging appellants with causing the death of the victim 'by beating (him) about the body causing him to fall and strike his head and by beating and kicking him about the head and body' "). See also *Scott v. State*, 276 Ga. 195, 196 (2) (576 SE2d 860) (2003) (omitting the phrase "when used offensively" and other statutory language, but charging the defendant with causing the victim's death " 'by choking and strangling her' "); *Foster v. State*, 259 Ga. 206, 207 (4) (378 SE2d 681) (1989) (omitting the phrase "when used offensively" and other statutory language, but charging appellant with causing the victim's death " 'by striking and beating with accused's hands and fists and kicking said [victim] with accused's shoe-clad feet' "). Compare *Smith v. Hardrick*, 266 Ga. 54, 55-56 (3) (464 SE2d 198) (1995) (a non-homicide case where indictment omitted all language of OCGA § 16-5-21 (a) (2) and alleged only that the defendant placed his hands around the victim's neck and used them to apply pressure

to her neck); *Youngblood v. State*, 253 Ga. App. 327, 328 (2) (558 SE2d 854) (2002) (following *Hardrick*).

Accordingly, trial counsel was not ineffective in failing to challenge the indictment, as the felony murder count "would not have been subject to a demurrer, even if [Lizana's] attorney had filed one. [Cits.]" *Silvers v. State*, supra at 47 (2) (a).

3. Lizana also contends that trial counsel should have challenged the entire indictment, as the malice murder count could not supply the allegations omitted from the felony murder count, and that reversal is required regardless of counsel's ineffectiveness. Because we have held that the felony murder count was not subject to demurrer, these contentions are moot.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Raymond B. Lakes III, Robert L. Wadkins*, for appellant.

*Julia F. Slater, District Attorney, Crawford L. Seals, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

