### A11A1367. GOSS v. THE STATE.
(719 SE2d 561)

SMITH, Presiding Judge.

Clement Goss appeals from his convictions of trafficking in cocaine and selling cocaine.[1] In two enumerations of error, Goss contends the trial court erred by admitting evidence of similar transactions. We disagree and affirm.

The State presented evidence showing that Goss sold an undercover agent two ounces of cocaine for $1,400. Goss's co-defendant, Dennis Wright, was also present for part of the sale. During this transaction, the undercover agent and Goss discussed a future transaction in which Goss would sell a kilo of cocaine to the agent. After additional telephone negotiations, Goss agreed to meet the undercover agent at a grocery store parking lot near Georgia 400 to sell him a kilo of cocaine for $23,000. Goss arrived at the grocery store in a truck driven by Wright and got out of the truck and into the agent's truck with a bag containing 982 grams of cocaine. When Goss accepted a partial payment of $10,000, he and Wright were arrested.

After a proffer from the State and hearing argument from counsel, the trial court ruled that it would allow the State to introduce evidence about two similar transactions, one from 2006 and the other from 2007. The rationale for the trial court's decision was that Goss had requested a jury charge on duress, coercion or compulsion based upon evidence that Goss's co-defendant had a loaded weapon pointed at Goss when he delivered the cocaine to the undercover officer. Before the evidence was introduced, the trial court charged the jury on the limited purpose of similar transaction evidence for showing "knowledge, intent, course of conduct, and bent of mind."

With regard to the 2006 similar transaction, the State presented evidence showing that Goss was a rear seat passenger in a car that was stopped for a traffic violation while entering Georgia 400 near the Chattahoochee River. When the officer smelled marijuana, he

---

[1] The trial court merged Goss's sale of cocaine conviction into his trafficking conviction.

asked all three occupants to exit the car. After obtaining consent to search Goss and searching everything except his shoes and socks, the officer found $1,256 cash in his pocket. When the officer searched the car, he located a Luger pistol with eight rounds in the magazine under the driver's seat directly in front of where Goss had been sitting. After locating the firearm, the officer searched Goss again and discovered in his shoes five bags of cocaine with a total weight of twenty-one grams. Based upon the total weight, the packaging, the gun at Goss's feet, and the amount of cash found on his person, the arresting officer testified to his opinion that Goss "was actively engaged in the sale of cocaine."

With regard to the 2007 similar transaction, the State presented evidence showing that Goss was arrested on an outstanding arrest warrant during a routine traffic stop on Georgia 400. The officer searching Goss after his arrest discovered a clear plastic bag in his pocket with a white powder in it that Goss acknowledged was cocaine. While being transported to jail, Goss repeatedly banged his leg in the back seat area, claiming that he had a cramp in it. When the officer removed Goss from the patrol car, his left shoe had come off. A search of the patrol car revealed a plastic bag under the driver's seat containing two small plastic bags of cocaine and one small plastic bag of opium. The officer testified that these bags, in addition to the $460 cash found on Goss's person during booking, "indicat[ed] that he possessed the drugs to distribute them."

Goss testified in his own defense and claimed that he was merely a drug user coerced into selling and delivering the cocaine because he owed money to Wright. He claimed that Wright had threatened harm to him and his family and also held a loaded and cocked weapon during the delivery of cocaine to the undercover officer.

On appeal, Goss claims the trial court erred by admitting the similar transactions because the State did not meet its burden of demonstrating sufficient similarity. We disagree.

"We review the trial court's determination that the similar transaction evidence was admissible under an abuse of discretion standard." (Citation and footnote omitted.) *Williamson v. State*, 300 Ga. App. 538, 542 (2) (b) (685 SE2d 784) (2009). "When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crimes and the crimes in question." (Citation and punctuation omitted.) *Gaudlock v. State*, 310 Ga. App. 149, 152 (2) (713 SE2d 399) (2011). Here, both similar transactions and the instant case involved amounts or packaging of cocaine consistent with sale or distribution. In all three cases, the cocaine was directly handled by Goss, he used a car to transport the cocaine, and he was arrested on or near Georgia 400. Based upon these similarities, we cannot conclude that

the trial court abused its discretion by admitting the similar transaction evidence. Id.; *Williamson*, supra, 300 Ga. App. at 542-543 (2) (b).

> The cases cited by [Goss] to show lack of similarity are distinguishable. See *Vaughan v. State*, 251 Ga. App. 221, 223 (2) (553 SE2d 335) (2001) (prior conviction for cocaine possession based on possession of crack pipe with cocaine residue not admissible to show motive and identity in subsequent case involving cocaine sale); *King v. State*, 230 Ga. App. 301, 302-304 (1) (496 SE2d 312) (1998) (ten-year-old conviction for methamphetamine sale not admissible as similar transaction in case involving possession of methamphetamine in bodily fluids where defendant claimed drug was put in his coffee without his knowledge or consent).

*Williamson*, supra, 300 Ga. App. at 543 (2) (b), n. 12. See also *King v. State*, 242 Ga. App. 642, n. 1 (530 SE2d 744) (2000) (distinguishing *King*, supra, 230 Ga. App. 301, for same reason).

*Judgment affirmed. Mikell, C. J., and Dillard, J., concur.*

### DECIDED NOVEMBER 17, 2011.

*Mary Erickson*, for appellant.
*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney*, for appellee.