S12A0443. REED v. THE STATE.
(727 SE2d 112)

CARLEY, Presiding Justice.

Roger James Reed was indicted for the malice murder of Willie Lee Gatson, an alternative count of felony murder during the commission of aggravated assault, and the aggravated assault and aggravated battery of Gatson's sister Nettie Porter. After a jury trial, Reed was acquitted of malice murder and found guilty of the remaining counts. The trial court entered judgments of conviction on the guilty verdicts, sentenced Reed as a recidivist under OCGA § 17-10-7 (c) to life imprisonment without the possibility of parole for felony murder, and also imposed a concurrent 20-year term for aggravated assault and a consecutive 20-year term for the aggravated battery. A motion for new trial was denied, but the trial court vacated the sentence for aggravated assault pursuant to a concession by the State. Reed appeals, understandably raising no error regarding the vacated sentence. See *Hill v. State*, 290 Ga. 493 (722 SE2d 708) (2012).[*]

1. Construed most strongly in support of the verdicts, the evidence shows that Reed began arguing with Gatson during a party at

---

[*] The crimes occurred on December 30, 2003, and the grand jury returned an indictment on February 25, 2004. The jury found Reed guilty on May 19, 2004, and, on that same day, the trial court entered the judgments of conviction and sentences on the guilty verdicts. The motion for new trial was filed on June 16, 2004, amended on August 10, 2010, and denied on August 19, 2011. The aggravated assault sentence was vacated on August 29, 2011, and Reed filed the notice of appeal on that same day. The case was docketed in this Court for the January 2012 term and submitted for decision on the briefs.

the victims' residence and began fighting with him afterwards. When Ms. Porter intervened in a second attempt to make Reed leave, she grabbed a hatchet to scare him away. Reed took the hatchet from her and struck the victims repeatedly on the head and face, fatally injuring Gatson and severely injuring and disfiguring Ms. Porter. Reed fled and, two blocks away, asked a police officer if he was there because of those " 'people getting beat up.' " Reed also lied to the officer when he identified his residence and when he stated that his brother was known by the nickname that Ms. Porter had used to identify her attacker. Subsequently, Reed, who was very excited and upset, told his brother that he had messed up and hit somebody with something. When Gatson's nephew later saw Reed with scratches on his neck and blood on his shirt and hair, Reed yelled and denied the crimes. The next day, Reed again saw Gatson's nephew, stated that he was just defending himself, and started to run when the police arrived. Ms. Porter identified Reed as the assailant both before and during trial. This evidence was sufficient to enable a rational trier of fact to find Reed guilty beyond a reasonable doubt of the felony murder of Gatson and the aggravated battery of Ms. Porter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Swanson v. State*, 282 Ga. 39, 40-41 (1) (644 SE2d 845) (2007); *Rich v. State*, 274 Ga. 695 (558 SE2d 720) (2002).

2. Reed contends that the felony murder count of the indictment failed to allege the essential elements of the predicate offense of aggravated assault and that it therefore is fatally deficient or insufficient as a matter of law and is void. This contention

> "is, in essence, a special demurrer seeking greater specificity with regard to the predicate felony. [Reed's] failure to file [a] special demurrer seeking additional information before pleading not guilty to the indictment constitutes a waiver of his right to be tried on a perfect indictment. (Cits.)" [Cit.]

*Edmond v. State*, 283 Ga. 507, 509-510 (5) (661 SE2d 520) (2008).

Moreover, the allegations as to the predicate offense of aggravated assault were sufficient. Reed argues that although the felony murder count alleged the use of a hatchet, that tool is not per se a deadly weapon, and the indictment did not allege that it was being used as such. However, that count alleged that Reed "did, while in the commission of a felony, to wit: Aggravated Assault, cause the death of . . . Gatson, a human being, when said accused struck the victim on the head with a hatchet . . . ." In charging aggravated assault with a deadly weapon under OCGA § 16-5-21 (a) (2), it is sufficient for the indictment implicitly to allege the use of a deadly weapon or an object

which is likely to cause serious bodily injury when used offensively. *Morgan v. State*, 275 Ga. 222, 226-227 (9) (564 SE2d 192) (2002); *Borders v. State*, 270 Ga. 804, 807-808 (1) (514 SE2d 14) (1999). Compare *Smith v. Hardrick*, 266 Ga. 54, 55-56 (3) (464 SE2d 198) (1995) (a non-homicide case where the indictment alleged only that defendant placed his hands around the victim's neck and used them to apply pressure). The felony murder count here implicitly alleged the use of a hatchet as a weapon which, when used offensively, is likely to result in serious bodily injury. Moreover, the allegations of the malice murder count in this case were that Reed "did unlawfully and with malice aforethought cause the death of . . . Gatson, a human being, when he struck the victim on the head with a hatchet . . . ." These allegations themselves sufficiently put the defense on notice that Reed was accused of causing Gatson's death by committing an aggravated assault against him. *Scott v. State*, 276 Ga. 195, 196-197 (2) (576 SE2d 860) (2003); *Borders v. State*, supra.

3. Reed further contends that the trial court erred in admitting evidence of a similar transaction from 2000 showing that Reed, who was breaking up with his girlfriend, got into an argument with her, picked up a stick from a yard, and hit her with it, injuring her lips and face. Under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991), before such evidence is admissible,

> "the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter." [Cits.]

*Harvey v. State*, 284 Ga. 8-9 (2) (660 SE2d 528) (2008).

Because the parties state the standard of appellate review in unclear or conflicting ways, we first examine what standard of review is applicable to the trial court's admission of similar transaction evidence. In this regard, the standard of review has not been stated consistently by either this Court or the Court of Appeals. See *Avila v. State*, 289 Ga. 409, 411 (2) (711 SE2d 706) (2011) (" 'We will uphold the trial court's decision to admit a similar transaction unless it is an abuse of discretion.' [Cit.]"); *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009) ("The decision of a trial court to admit evidence of similar transactions will be upheld unless clearly erroneous. [Cit.]"); *Goss v. State*, 312 Ga. App. 676, 677 (719 SE2d 561) (2011) (" 'We

review the trial court's determination that the similar transaction evidence was admissible under an abuse of discretion standard.' [Cit.]"); *Smith v. State*, 304 Ga. App. 708, 709 (1) (699 SE2d 742) (2010) ("We will uphold a trial court's decision to admit similar transaction evidence unless it is clearly erroneous. [Cit.]").

Such precedent is inconsistent because the "abuse of discretion" standard is not identical to the "clearly erroneous" standard. In Georgia, it is well-settled that the "clearly erroneous" standard for reviewing findings of fact is equivalent to the highly deferential "any evidence" test. *Patel v. Patel*, 285 Ga. 391, 392 (1) (a) (677 SE2d 114) (2009); *Delbello v. Bilyeu*, 274 Ga. 776, 777 (1) (560 SE2d 3) (2002); *Turpin v. Todd*, 271 Ga. 386, 390 (519 SE2d 678) (1999); *Hall v. Ault*, 240 Ga. 585 (242 SE2d 101) (1978); *Brenntag Mid South v. Smart*, 308 Ga. App. 899, 902 (2) (710 SE2d 569) (2011); *Shook v. State of Ga.*, 221 Ga. App. 151, 152 (470 SE2d 535) (1996); *Jones v. State*, 146 Ga. App. 88, 90 (245 SE2d 449) (1978) (the phrase "clearly erroneous" "should not be given varying meanings depending on the type case in which" it appears). *Balkcom v. Vickers*, 220 Ga. 345, 348 (1) (i) (138 SE2d 868) (1964), which compares the "any evidence" standard with federal standards of review, is hereby overruled to the extent that it implies that, in Georgia, the "any evidence" rule differs from the "clearly erroneous" standard. However, where a determination by the trial court involves an exercise of discretion, the standard of review is "abuse of discretion," which is at least slightly less deferential than the "any evidence" test. *Beasley v. Paul*, 223 Ga. App. 706, 706-707 (1) (478 SE2d 899) (1996) (discussing difference between a motion for directed verdict or for j.n.o.v. and a motion for new trial); McFadden, Brewer & Sheppard, *Ga. Appellate Practice* § 20:12 (2011-2012 ed.). See also *Jones v. Brown*, 299 Ga. App. 418, 419 (683 SE2d 76) (2009) (although "abuse of discretion" " 'is a deferential standard of review, it is not toothless' "). By deduction, therefore, the "abuse of discretion" standard is different from and not quite as deferential as the "clearly erroneous" test.

Furthermore, "[s]ometimes the appellate courts find it necessary to use more than one standard of review to evaluate a single trial-court ruling. [Cit.]" McFadden, supra. Thus, in various contexts, we accept factual findings unless they are clearly erroneous and review a trial court's ultimate decision on the particular issue for abuse of discretion. *Smith v. State*, 287 Ga. 391, 402 (3) (697 SE2d 177) (2010); *Lawrence v. Lawrence*, 286 Ga. 309, 310 (1) (687 SE2d 421) (2009). See also *Hamlin v. Ramey*, 291 Ga. App. 222, 225 (1) (661 SE2d 593) (2008). The Court of Appeals has often done the same thing with

respect to similar transaction evidence:

> When reviewing the trial court's factual findings regarding whether the state satisfied the three-prong test [mandated by *Williams*], we apply the "clearly erroneous" standard. [Cit.] The decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion. [Cit.]

*Wright v. State*, 313 Ga. App. 829, 831 (1) (a) (723 SE2d 59) (2012). See also *Tatum v. State*, 297 Ga. App. 550 (1) (677 SE2d 740) (2009); *Watley v. State*, 281 Ga. App. 244, 247 (3) (635 SE2d 857) (2006); *Flowers v. State*, 269 Ga. App. 443, 444 (1) (604 SE2d 285) (2004).

This use of two standards of review for the admission of similar transaction evidence is hereby approved for several reasons. "We review a trial court's evidentiary rulings under an abuse of discretion standard of review. [Cits.]" *Smith v. State*, 284 Ga. 304, 306 (3) (667 SE2d 65) (2008). See also *General Elec. Co. v. Joiner*, 522 U. S. 136, 141 (II) (118 SC 512, 139 LE2d 508) (1997). As already discussed, however, we accept a trial court's factual findings unless they are clearly erroneous, and this is even more apparent where, as here, the purpose of those findings is the application of a mandatory test. See *Haggard v. Bd. of Regents of the Univ. System of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987) (establishing the standard of review for an attorney fee award as "any evidence" under a mandatory statutory provision, but "abuse of discretion" under a discretionary provision). Moreover, we have often specifically held with respect to the third prong of the *Williams* test that " '[a]n appellate court will not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous.' [Cit.]" *Jackson v. State*, 284 Ga. 484, 487 (3) (668 SE2d 700) (2008). See also *Carr v. State*, 282 Ga. 698, 700 (2) (653 SE2d 472) (2007); *Biggs v. State*, 281 Ga. 627, 629 (2) (642 SE2d 74) (2007); *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001). To the extent that *Payne v. State*, supra, *Smith v. State*, 304 Ga. App. 708, supra, or any other case rejects the use of two standards of review as set forth above, they are hereby overruled.

Reed argues that there were several dissimilarities between this case and the prior offense. On appellate review, however,

> this Court must focus on the similarities between the two acts rather than the dissimilarities. [Cit.] While there must be proof of a sufficient similarity between the independent offense and the instant crime charged, the two crimes need not be carbon copies of one another to be admissible. [Cits.]

*Moore v. State*, 273 Ga. 11, 13 (2) (537 SE2d 334) (2000). In both instances, when someone tried to break up a heated argument, Reed repeatedly struck his victims in the face with objects of considerable size which he obtained at the location of the argument and which could and did cause substantial visible bodily harm. This evidence reflects a sufficient connection between the two incidents such that proof of the former tends to prove the latter. *Moore v. State*, supra. Thus, the trial court's finding of similarity is "not clearly erroneous and will not be disturbed on appeal. [Cit.]" *Harvey v. State*, supra at 9 (2). The trial court properly determined that the similar transaction evidence was probative of Reed's intent, course of conduct and modus operandi. "Considering the record before us, the court's factual findings were not clearly erroneous and the court did not abuse its discretion in ruling that the evidence was admissible. [Cits.]" *Wright v. State*, supra at 832 (1) (a).

4. Reed also urges that his trial counsel rendered ineffective assistance in two respects.

> "To prevail on this claim, [Reed] must show that (his) attorney's performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). . . . We must accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but we apply the appropriate legal principles to the facts independently. (Cit.)" [Cit.]

*Lizana v. State*, 287 Ga. 184, 185 (2) (695 SE2d 208) (2010).

(a) Reed claims that trial counsel was ineffective in failing to raise in an appropriate manner the issue of the sufficiency of the indictment as discussed in Division 2 above. Our holding in that division shows that "trial counsel was not ineffective in failing to challenge the indictment, as the felony murder count 'would not have been subject to a demurrer, even if [Reed's] attorney had filed one. (Cits.)' [Cit.]" *Lizana v. State*, supra at 187 (2). See also *Silvers v. State*, 278 Ga. 45, 47 (2) (a) (597 SE2d 373) (2004).

(b) Reed further claims that his counsel at trial was ineffective in failing to object and to move for mistrial in response to improper closing arguments by the State regarding his future dangerousness, implying guilt by association, and using the similar transaction evidence to argue Reed's asserted propensity for violence and the insufficiency of his prior probated sentence.

The failure of defense counsel at least to object to an argument of future dangerousness may be found to constitute deficient performance. *Jones v. State*, 288 Ga. 431, 433-434 (704 SE2d 776) (2011); *Fulton v. State*, 278 Ga. 58, 64-65 (8) (597 SE2d 396) (2004); *Pearson v. State*, 277 Ga. 813, 816 (5) (b) (596 SE2d 582) (2004). However, even "[a]ccepting that the comments were improper and that trial counsel was deficient for failing to object and move for a mistrial in response to the remarks, that is not the end of the inquiry . . . . [Cit.]" *Lloyd v. State*, 280 Ga. 187, 192 (2) (d) (ii) (625 SE2d 771) (2006).

> [A]ny such found deficiency will not amount to ineffective assistance of counsel unless the defendant can also establish that the failure to object was so prejudicial to his defense that, but for this deficiency, there was a reasonable probability that the outcome of his trial would have been different. [Cit.] In examining an ineffectiveness claim, this Court does not need to address both components of the *Strickland* inquiry if the defendant makes an insufficient showing on one; specifically, this Court need not determine whether counsel's performance was deficient prior to its examination of the question of whether the defendant suffered prejudice as a result of the alleged deficiency. [Cit.]

*Jones v. State*, supra, 288 Ga. at 434.

> This is not a situation of a constructive denial of counsel, so [Reed] must demonstrate actual prejudice. [Cit.] Citing *Collier v. State*, 266 Ga. App. 345, 354 (2) (b) (596 SE2d 795) (2004), [Reed primarily] argues that the outcome of his trial would have been different, not because the jury would have reached different verdicts, but because the case would never have been submitted to the jury if his attorney had moved for a mistrial. However, [Reed] cannot show that a mistrial was required. Whether to grant a mistrial for improper argument is a matter largely within the trial court's discretion. [Cit.] The trial court has other options, including the rebuke of counsel and providing curative instructions. See OCGA § 17-8-75.

*Lloyd v. State*, supra. We conclude that the remarks of which Reed complains, unlike those in *Collier v. State*, supra at 355 (2) (b), were not so "pronounced and persistent" and did not so "lace[ ] the state's closing argument with an impermissible theme" or "so permeate[ ]"

and poison[ ] the state's closing argument that no curative instruction from the court could have removed the damaging impression planted in the jurors' minds, and that the court therefore would have granted" a motion for mistrial. See *Sweet v. State*, 278 Ga. 320, 325-326 (8) (602 SE2d 603) (2004). "Moreover, even when an objection to improper argument is sustained but a mistrial is denied, other action, including the giving of curative instructions, is not mandatory. [Cit.]" *Lloyd v. State*, supra.

> In any event, in this case it would not have been reversible error for the trial court to refuse a mistrial [or to overrule objections] because the evidence of [Reed's] guilt was overwhelming, and it is highly probable that any improper argument did not contribute to the verdicts. [Cits.]

*Lloyd v. State*, supra. The evidence of Reed's guilt, "including his confession and the eyewitness testimony, is overwhelming." *Smith v. State*, 281 Ga. 185, 189 (3) (640 SE2d 1) (2006). See also *Richard v. State*, 287 Ga. App. 399, 403 (4) (651 SE2d 514) (2007). Moreover, as reviewed above, the evidence also included the facts that Reed fled, had knowledge of the crimes immediately afterwards, lied to an officer regarding his identity and residence, and made incriminating admissions to his brother. Contrary to an assertion by Reed, the jury's acquittal of the malice murder charge hardly means that the evidence is not overwhelming. *Terrell v. State*, 245 Ga. App. 291, 294 (536 SE2d 528) (2000) (On Motion for Reconsideration); *Hudson v. State*, 234 Ga. App. 895, 902 (3) (b) (iii) (508 SE2d 682) (1998). Instead, that acquittal indicates that the jury likely was not prejudiced against Reed because of the prosecution's closing argument. *Woodall v. State*, 261 Ga. App. 213, 216 (6) (582 SE2d 466) (2003). In light of the overwhelming evidence of Reed's guilt, he has "failed to demonstrate that but for the handful of comments in the prosecution's closing argument discussed above, there is a reasonable probability that the outcome of the trial would have been more favorable to [him]." *Smith v. State*, 284 Ga. 599, 603-604 (2) (a) (669 SE2d 98) (2008). See also *Jones v. State*, supra, 288 Ga. at 434; *Sweet v. State*, supra at 325-326 (8); *Fulton v. State*, supra at 65 (8).

"Accordingly, there is no basis upon which to reverse the adverse determination of [Reed's] claim that his trial counsel was ineffective and the consequent refusal to grant him a new trial." *Jones v. State*, supra, 288 Ga. at 434.

*Judgments affirmed. All the Justices concur, except Melton, J., who concurs in Divisions 1, 2, and 4, and in the judgment.*

DECIDED APRIL 24, 2012.

*Kevin C. Armstrong*, for appellant.

*Gregory W. Edwards, District Attorney, Kathryn O. Fallin, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General*, for appellee.