A05A2011. ROBINSON v. THE STATE.
(623 SE2d 711)

JOHNSON, Presiding Judge.

Prenell Robinson was convicted of eight counts of armed robbery, two counts of aggravated assault, one count of theft by taking and one count of arson in the second degree. He appeals, challenging the sufficiency of the evidence and the effectiveness of his trial counsel. The challenges are without merit, and we thus affirm his convictions.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and the appellant is no longer presumed innocent.[1] We do not weigh evidence or determine witness credibility, but determine only if the evidence is sufficient to support a finding of guilt beyond a reasonable doubt.[2]

Viewed in favor of the verdict, the evidence shows that on September 11, 2001, a man wielding a handgun stole several cases of beer from the drivers of a delivery truck at a convenience store in DeKalb County, and he then fled from the scene in a stolen Oldsmobile Regency. Later that day, the owner of a package store on Lawrenceville Highway in DeKalb County was robbed at gunpoint while working in the store. The armed robber fled from the store in the same stolen

[9] See *Hayes v. State*, 268 Ga. 809, 812 (4) (493 SE2d 169) (1997).
[1] *Oliver v. State*, 273 Ga. App. 754, 755 (1) (615 SE2d 846) (2005).
[2] Id.

Oldsmobile Regency used in the delivery truck robbery. A short time after that robbery, a man set fire to the Oldsmobile and was then driven away from the scene of the fire in a teal Geo Prism with no hubcaps.

About 4:30 that afternoon, police were called to investigate a disturbance at a house in DeKalb County. In the driveway, the police discovered Robinson and a woman standing near a teal Geo Prism without hubcaps. Inside the house, the police found knives and several cases of beer that matched the quantity and brands as those stolen from the delivery truck, and they also found a loaded handgun near the back patio.

Robinson and others were arrested. At the police station, Robinson gave a lengthy and detailed videotaped confession to a detective. Robinson admitted that he had stolen and burned the Oldsmobile, and that he had committed the package store and delivery truck armed robberies. He further confessed that he had committed six other armed robberies and two aggravated assaults.

"A confession alone, uncorroborated by any other evidence, shall not justify a conviction."[3] However, a free and voluntary confession is evidence of the highest character, and any corroboration thereof is sufficient to sustain a conviction.[4] In the instant case, Robinson's confession was corroborated by testimony from the victims of each offense and law enforcement officers.

As for the eight armed robberies, the particulars of Robinson's confession were corroborated by substantial other evidence, including testimony confirming where the crimes occurred; Robinson's conduct during the robberies, such as his asking to buy cigarettes, beer, soda or ice prior to each theft; the property stolen, whether money or beer; the use of a gun or knife to perpetrate the robberies; and the use of the stolen Oldsmobile to flee from the crime scenes.

Robinson's confession to theft of the Oldsmobile was corroborated by testimony from the victim and officers establishing the color, make and tag number of the car; that the steering column of the vehicle was damaged to perpetrate the theft; and that the car was taken from the victim's carport. His confession to committing arson in the second degree was corroborated by additional evidence that gasoline had been poured inside the stolen car, that a gas can was left in the vehicle and that the car had been set on fire.

Robinson's confession to the two aggravated assaults was corroborated by testimony from the victims and investigating officers,

---

[3] OCGA § 24-3-53.

[4] *Flanders v. State*, 279 Ga. 35, 38-39 (5) (609 SE2d 346) (2005); *Carswell v. State*, 268 Ga. 531, 532 (1) (491 SE2d 343) (1997).

and by surveillance videotapes. As for one of the assaults, the corroborating evidence showed that the victim had armed himself with a pistol and then Robinson and another man approached him with a knife and beat him. As for the other assault, the victim made an in-court identification of Robinson as the perpetrator.

Having reviewed the entire record, we find that there was sufficient evidence presented at trial to corroborate Robinson's confession and justify the jury's verdict.[5]

2. Robinson argues that his trial counsel was ineffective in failing to move to suppress evidence of his confession on the ground that it had been obtained pursuant to an unlawful arrest not supported by probable cause. The argument is without merit because, contrary to Robinson's claim, his arrest was supported by probable cause.

"Probable cause exists if the arresting officer has knowledge and reasonably trustworthy information about facts and circumstances sufficient for a prudent person to believe the accused has committed an offense."[6] Before Robinson was arrested, the police knew that two armed robberies had occurred that day, that the robber had fled from the scenes in the stolen Oldsmobile, and that a man had set the Oldsmobile on fire and then been driven away from that scene in a teal Geo Prism without hubcaps. They found Robinson in the driveway of a house standing next to a teal Geo Prism without hubcaps, inside the house they found cases of beer that matched the beer stolen in one of the armed robberies, and near the back patio they found a handgun. Moreover, an officer showed a picture of the burnt Oldsmobile to a woman at the house, and she identified it as a car that Robinson had been driving earlier. All this information was sufficient for a prudent person to believe that Robinson had committed an offense and thus provided probable cause for his arrest.[7]

Because the arrest was supported by probable cause, a motion to suppress based on a claim of unlawful arrest would have been futile, and therefore Robinson's claim of ineffective assistance of counsel premised on the failure to file such a motion is without merit. "Failure to pursue a futile motion does not constitute ineffective assistance."[8]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 22, 2005.

---

[5] See *Worthem v. State*, 270 Ga. 469, 470 (1) (509 SE2d 922) (1999).

[6] (Citation omitted.) *Brown v. State*, 262 Ga. 728, 729 (2) (a) (425 SE2d 856) (1993).

[7] See *Prince v. State*, 277 Ga. 230, 232-233 (2) (587 SE2d 637) (2003).

[8] (Citation and punctuation omitted.) *Davis v. State*, 267 Ga. App. 245, 246 (2) (599 SE2d 237) (2004).

*Ross & Pines, Noah H. Pines*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.