A06A1233. FIELDS v. THE STATE.
(637 SE2d 136)

BERNES, Judge.

Following a jury trial, Richard E. Fields was convicted of aggravated stalking and first degree arson. He appeals, arguing that the evidence was insufficient to support his convictions and that he received ineffective assistance of counsel.[1] Finding no error, we affirm.

Construed in the light most favorable to the jury's verdict, the evidence at trial showed that the victim and appellant were in a turbulent marriage for about eleven years and had two children together. Fields began to physically abuse the victim "a week or two" after their wedding. The victim testified that the beatings "occurred too many times to count," and that as a result of the beatings, she suffered "[b]lack eyes, busted lips, choke marks around [her] neck, knots on [her] head," a busted eardrum, and other physical injuries.

After the victim separated from Fields in 1997, Fields repeatedly harassed her. The victim consequently sought and received a series of protective orders, which Fields repeatedly violated. On several occasions, Fields went to the victim's workplace and threatened her. He also chased the victim in her car numerous times and once left a threatening message on her home voice mail.

On March 16, 1998, Fields parked his truck in the middle of a road and blocked an intersection where the victim was driving with her children. When the victim saw Fields, she reversed direction, parked her car in the nearest driveway and ran for help. Fields pulled out a shotgun and stated, "I'm going to kill you, bitch." The victim ran back into her car and honked the horn repeatedly in order to get the attention of the neighbors, one of whom called the police after observing Fields threatening the victim. Fields ultimately fled the scene.

---

[1] Fields also enumerates as error dicta in the trial court's order denying his second motion for new trial which stated that Fields had not filed an out-of-time appeal as of the date of the order. It is clear from the court's order that the dicta about which Fields complains did not form the basis for the court's denial, and thus Fields cannot show harm from the alleged erroneous statement. "It is axiomatic that a party must show harm as well as error to prevail on appeal." (Citation omitted.) *Crouse v. State*, 271 Ga. App. 820, 823 (2) (611 SE2d 113) (2005). This enumeration of error is without merit.

Fields was arrested for crimes arising out of this incident and granted a bond.[2] As a condition of his bond, Fields was ordered to refrain from having any contact with the victim and to remain at least 200 yards away from her at all times.

On the night of November 25, 1998, Fields violated the bond order by chasing the victim and her children from Blairsville, Georgia, to Murphy, North Carolina. The victim was driving to work with her two children when Fields began following her in his vehicle. After a few minutes, Fields' pursuit became more aggressive. He pulled his car beside the victim's car, repeatedly honked his horn, flashed his lights, and pumped his fists in a threatening manner. Because the victim was afraid to get out of her car, she turned around when she reached Murphy, and headed back toward Blairsville.

At some point along the route to Blairsville, Fields passed her car and disappeared. The victim subsequently stopped at a gas station, called the police, and obtained a police escort to her home. When they arrived at the residence, they saw that the victim's home was on fire.

A fire expert opined at trial that the fire had originated in the master bedroom and been intentionally set. Another witness, who had been incarcerated with Fields, testified that Fields confessed to setting fire to the victim's home by lighting a curtain near the bed in the master bedroom. There was also evidence at trial showing that Fields had burned the victim's belongings on two prior occasions.

1. Fields argues that the trial court erroneously denied his motion for directed verdict because the evidence was insufficient to prove the crimes charged. We disagree.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard[,] we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Wright v. State*, 232 Ga. App. 646 (1) (502 SE2d 756) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(a) Fields argues that he was entitled to a directed verdict on the aggravated stalking count based on a variance between the allegations of the indictment and the proof offered at trial. The indictment

---

[2] On April 8, 1999, Fields pled guilty to a charge of aggravated stalking based on this incident.

in this case alleged inter alia that Fields followed and contacted the victim "in violation of *a protective order*." (Emphasis supplied.) According to Fields, the various protective orders against him had expired by November 25, 1998, the date of the incident. Fields argues that because the evidence showed that he violated a pretrial bond condition, rather than a protective order, there was a fatal variance between the allegata and probata.

However,

> [n]ot all differences between an indictment and proof constitute fatal variances. An accused must be definitely informed of the charges against him so that he may present a defense, and he must be protected against a second prosecution for the same offense. If a variance does not present these dangers, it is not fatal.

(Punctuation and footnote omitted.) *Lawson v. State*, 278 Ga. App. 852, 853 (2) (630 SE2d 131) (2006).

Fields was not subject to either of the dangers underlying the rule. A person commits the offense of aggravated stalking when such person,

> in violation of a . . . temporary protective order, permanent restraining order, permanent protective order . . . or condition of pretrial release . . . follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

OCGA § 16-5-91 (a).

The indictment, in effect, charged Fields with following or contacting the victim in violation of a court order. Fields has never claimed any element of surprise as to the charges against him, nor has he asserted that he was not aware that he was under a valid court order to refrain from harassing the victim on the date in question. The indictment does not leave Fields vulnerable to being prosecuted for the same offense, since there was in fact only one court order in effect at the time of the crime. In sum, the variance was not material. See *Turner v. State*, 231 Ga. App. 747 (1) (500 SE2d 628) (1998) (a variance which is immaterial is not fatal). See also *State v. Carlisle*, 280 Ga. 770 (631 SE2d 347) (2006).

In *Carlisle*, this Court had reversed the appellant's conviction as an accessory to aggravated stalking because the indictment alleged that she aided her co-defendant in stalking the victim in violation of a condition of his pretrial release, but the evidence

revealed instead that she believed his conduct was prohibited by a restraining order. *Carlisle v. State*, 273 Ga. App. 567, 572 (2) (615 SE2d 543) (2005). This Court reasoned that, as limited by the language of the indictment, the state had to prove that the defendant knew specifically that her co-defendant was subject to a condition of bond to stay away from the victim. Id.

In reversing that holding, the Supreme Court reasoned that the appellant's knowledge of the exact type of order being violated was not material to whether she committed the crime. *Carlisle*, 280 Ga. at 772 (2). "Rather, she simply had to be aware that a court order was in effect that prohibited [her co-defendant] from contacting the victim." Id.

The evidence in this case unquestionably showed that Fields was aware that a court order was in place which prohibited him from following or contacting the victim. Whether the order Fields violated was a "protective order" or a bond order containing a protective provision was immaterial. Fields' claim of variance is without merit. Any rational trier of fact could have found Fields guilty beyond a reasonable doubt of aggravated stalking. *Jackson*, 443 U. S. 307.

(b) Fields has also failed to show that the trial court erred in declining to direct a verdict in his favor on the arson count. The evidence set forth above was sufficient for a reasonable jury to conclude that Fields committed that crime beyond a reasonable doubt. See *Beecher v. State*, 240 Ga. App. 457, 458 (1) (523 SE2d 54) (1999). While Fields asserts that the state's case consisted entirely of circumstantial evidence, the testimony of Fields' cell mate to whom Fields allegedly confessed constituted direct evidence of his guilt. Compare *Campbell v. State*, 169 Ga. App. 112, 114 (312 SE2d 136) (1983). The credibility of the inmate was an issue for the jury's consideration and this Court will not interfere with its determination. See *Jenkins v. State*, 269 Ga. 282, 286-287 (5) (498 SE2d 502) (1998). Consequently, the trial court did not err in denying Fields' motion for directed verdict.

2. Fields raises several allegations of ineffective assistance of trial counsel. He argues that his counsel was ineffective because he: (a) failed to object to the admission of Fields' guilty plea and bond order stemming from the March 16, 1998 incident and tendered into evidence the expired protective orders that had been admitted against Fields; (b) failed to object to certain testimony from the victim which Fields alleges placed his character in issue; (c) failed to object or reserve objection to the jury charges;[3] and (d) failed to move for

---

[3] Fields also asserts that his counsel failed to submit jury charges to the trial court, but the record reveals that he did in fact do so.

directed verdict based on the alleged fatal variance between the allegata and probata as to the aggravated stalking charge. Fields also makes general allegations of ineffectiveness with respect to his counsel's trial tactics, such as his decisions as to when and how to object to hearsay and leading questions, and his cross-examination technique.

In order to succeed on his claim for ineffective assistance, Fields bears the burden of establishing both that his trial counsel's assistance was deficient and that, but for that deficiency, a reasonable probability exists that the outcome of the trial would have been different. *Phillips v. State*, 278 Ga. App. 198, 201 (2) (628 SE2d 631) (2006).

> To succeed in his claim, [Fields] must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result.

(Citation omitted.) Id. Furthermore, "[t]rial strategy and tactics do not equate with ineffective assistance of counsel." (Punctuation and footnote omitted.) *Caylor v. State*, 255 Ga. App. 362, 364 (1) (566 SE2d 33) (2002).

Because Georgia does not recognize the cumulative error rule of prejudice, we must address each of Fields' allegations separately. *Weeks v. State*, 270 Ga. App. 889, 891 (1) (a) (608 SE2d 259) (2004).

(a) Fields contends his counsel was ineffective for failing to object to the trial court's admission of the bond order and Fields' guilty plea to aggravated stalking based on the March 1998 incident. The bond order was direct evidence of the court order that prohibited Fields' conduct on the date in question and was thus relevant and admissible as a matter of law. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Citations and punctuation omitted.) *Henry v. State*, 279 Ga. 615, 617 (3) (619 SE2d 609) (2005).

Moreover, the record reveals that trial counsel did attempt to exclude the prior aggravated stalking plea and the other protective orders prior to the commencement of trial. However, the trial court correctly ruled that the evidence was admissible as prior difficulties between the parties.[4] *Brown v. State*, 278 Ga. 810, 811 (4) (607 SE2d 579) (2005).

---

[4] The trial court also gave a limiting instruction to the jury that the prior difficulty evidence

> Evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.

(Citation and punctuation omitted.) Id. See also *Brogdon v. State*, 270 Ga. App. 568 (1) (607 SE2d 199) (2004). Thus, trial counsel was not ineffective for failing to make a futile objection, and Fields was not harmed by his decision not to do so. See *Robinson v. State*, 276 Ga. App. 502, 504 (2) (623 SE2d 711) (2005).

Fields also complains that his trial counsel was ineffective for tendering the expired protective orders into evidence. At the motion for new trial hearing, Fields' trial counsel explained that after the trial court ruled that the prior difficulty evidence was admissible, he concluded that his only feasible strategy was to attempt to discredit the victim by portraying her as a bitter and vengeful ex-wife manipulating the legal system and that his introduction into evidence and highlighting of the numerous protective orders were consistent with this strategy. Under the circumstances, trial counsel's strategy was reasonable and did not amount to ineffective assistance. See *Caylor*, 255 Ga. App. at 364 (1).

(b) Fields next argues that his counsel failed to object to certain elements of the victim's testimony that he alleges placed his character in issue. The testimony about which Fields complains related to previous incidents of violence and stalking by Fields. As explained in Division 2 (a), the testimony was relevant and had been held admissible by the trial court as evidence of prior difficulties between Fields and the victim. "Relevant evidence is not inadmissible merely because it may incidentally place a defendant's character into evidence." (Citation omitted.) *Beecher*, 240 Ga. App. at 459 (3). Again, Fields' counsel was not ineffective for failing to make a futile objection. *Taylor v. State*, 264 Ga. App. 665, 671 (6) (592 SE2d 148) (2003).

(c) Fields next argues that he was deprived of effective counsel because his attorney did not object to or reserve objections to the jury charges, which he contends did not conform to the law or the evidence. But Fields fails to identify which charges he contends are erroneous or to present argument or citation to the record in support of this

---

was to be used "solely for the purpose of illustrating the stated feeling between the defendant and the alleged victim and the bent of mind or course of conduct on the part of the defendant."

assertion. This argument is thus deemed waived. See Court of Appeals Rule 25 (c) (3); *Owens v. State*, 192 Ga. App. 335, 342 (3) (384 SE2d 920) (1989).

(d) While Fields next argues that his counsel was ineffective for failing to file a motion for directed verdict based upon the alleged fatal variance between the indictment and the proof at trial, our holding in Division 1 sufficiently illustrates such a motion would have been meritless and thus does not support his claim.

Finally, Fields attacks his counsel's trial technique by making vague allegations that he failed to object to leading questions and hearsay responses and did not aggressively cross-examine the state's witnesses. Because Fields has not demonstrated that he was prejudiced by these alleged actions, his argument fails. *Williams v. State*, 273 Ga. App. 634, 636 (3) (615 SE2d 792) (2005).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 4, 2006.

*C. Lane Graves*, for appellant.
*N. Stanley Gunter, District Attorney, Jeremy D. Clough, Assistant District Attorney*, for appellee.