## S12A0032. DUNLAP v. THE STATE.
### (727 SE2d 468)

BENHAM, Justice.

Appellant Robert Dunlap was convicted of the felony murder of Tial Ceu,[1] a Burmese immigrant who lived in a DeKalb County apartment complex. The evidence at trial showed that on the night of April 1, 2008, appellant and three of his associates decided to commit a robbery. They drove to the apartment complex and laid in wait for victims. Appellant and another man approached the victim Ceu and Ceu's companion. The two took Ceu's wallet, which had $70 in cash, and appellant shot Ceu in the chest. Ceu died at the scene from a single bullet which pierced one of his lungs and his liver. A witness who heard the gunshot saw appellant holding a gun and running with

---

[1] On August 8, 2008, a DeKalb County grand jury indicted appellant for felony murder (armed robbery) and armed robbery. Appellant was tried before a jury on January 12, 14, and 15 of 2009. The jury found appellant guilty of both charges and, upon the armed robbery count merging into the murder count, the trial court sentenced appellant to life in prison for felony murder on January 15, 2009. Appellant moved for a new trial on February 13, 2009, and amended the motion on April 20, 2011. The trial court denied the motion for new trial on July 26, 2011. Appellant timely filed his notice of appeal on July 26, 2011, and the case was docketed to the January 2012 term of this Court for a decision to be made on the briefs.

another man to a car which they both entered and drove away. The same witness later identified appellant in a photographic lineup and testified at trial that she was 90% sure of her identification of appellant as one of the men she saw running to the get-away car and that he was the man who had the gun. Based on the witness's description of the get-away vehicle, the authorities were able to trace the car to the crime and to appellant. The jury heard an audio recording of appellant's in-custody statement to police in which he admitted he intended to commit a robbery, was present at the shooting because he drove his comrades to the apartment complex to lay in wait for victims, that he saw the shooting occur, and that he drove his comrades away from the scene; however, he denied leaving the vehicle and denied he was the person who shot the victim.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant alleges the trial court erred when it failed to suppress his in-custody statements to the authorities because he contends he invoked his right to counsel. Once an accused who is in custody makes an unambiguous and unequivocal request for an attorney, any police interrogation of that individual is to cease until an attorney is made available. *Robinson v. State*, 286 Ga. 42, 43 (684 SE2d 863) (2009). In this case, prior to any interrogation, appellant asked, "My lawyer don't have to be present right here or nothing? . . . A lawyer." In response, the officer said it was "up to" appellant. The officer then read appellant his *Miranda* rights and provided a form listing those rights, including an admonition that appellant could have an attorney present during questioning. Appellant signed the *Miranda* form twice, first in acknowledgment that he received and understood his rights and second to waive those rights and make a statement to police outside the presence of counsel. After signing the waiver, appellant gave his statement and never refused to answer questions and never requested counsel. At the pretrial *Jackson-Denno*[2] hearing, appellant's counsel conceded that appellant's question about the presence of counsel was equivocal. The trial court denied the motion to suppress.

The trial court's decision was not erroneous. Appellant's question about counsel was equivocal and did not trigger any duty on the part

---

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

of police to stop the interrogation. *Crawford v. State*, 288 Ga. 425 (2) (c) (704 SE2d 772) (2011). Accordingly, this enumeration of error cannot be sustained.

3. Appellant alleges his trial counsel was constitutionally ineffective when he failed to have the voir dire and opening and closing statements transcribed. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). Appellant cannot meet this burden.

The arguments of counsel at trial are not required to be transcribed. OCGA § 17-8-5. Voir dire is not required to be transcribed unless the prosecution is seeking the death penalty. *State v. Graham*, 246 Ga. 341, 342 (271 SE2d 627) (1980). At the motion for new trial hearing, trial counsel testified that it was his custom and practice not to request the transcription of voir dire or opening and closing arguments. He also testified that if he had any objections to those portions of the trial, it was his custom to object and make sure a recording was made of the objection and the court's ruling. Counsel's practice was within the broad range of professional conduct afforded to trial counsel in a non-death penalty case such as the one at bar. *Matthews v. State*, 284 Ga. 819 (4) (a) (672 SE2d 633) (2009). Appellant's speculation that error may have occurred is insufficient to show any deficiency on the part of counsel, or prejudice therefore, and is insufficient to show reversible error. See *Sharp v. State*, 278 Ga. 352 (3) (602 SE2d 591) (2004); *Williams v. State*, 265 Ga. 681 (3) (461 SE2d 530) (1995). The trial court did not err when it denied appellant's motion for new trial on this ground.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2012.

*Roger C. Wilson*, for appellant.

*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Clint C. Malcolm, Assistant Attorney General,* for appellee.