**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 15, 2012

# In the Court of Appeals of Georgia

A12A0123. LEE v. THE STATE.

MILLER, Judge.

This is the second appearance of the case before this Court. In the first appearance, *Lee v. State*, 308 Ga. App. 711, 711-712 (708 SE2d 633) (2011) ("*Lee I*"), we vacated the trial court's order as it concerned Victor Lee's ineffective assistance of counsel claims and remanded the case for further proceedings. Following remand, the trial court entered another order denying Lee's ineffective assistance of counsel claims. Lee now appeals the order entered upon remand. On appeal, Lee argues that his trial counsel was ineffective by (1) failing to investigate and present evidence to contradict the testimony of Lee's accomplice; (2) failing to object to inadmissible hearsay testimony provided by Lee's accomplice; and (3)

failing to introduce evidence of the age difference between Lee and his accomplice. For the reasons set forth below, we affirm the trial court's order denying these claims.

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant bears the burden of showing "that counsel's performance was deficient and that the deficient performance so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Citations omitted.) *Johnson v. State*, 287 Ga. 767, 769 (2) (700 SE2d 346) (2010). However, a court addressing the ineffective assistance issue is not required "to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, supra, 466 U. S. at 697 (IV). "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. "The trial court's determination with respect to effective assistance of counsel will be affirmed unless its findings are clearly erroneous." (Citation omitted.) *Johnson*, supra, 287 Ga. at 769 (2).

In *Lee I*, we described the relevant factual background as follows:

2

After a jury trial, Victor Lee was convicted of aggravated assault [OCGA § 16-5-21 (a) (2)], armed robbery [OCGA § 16-8-41 (a)], and concealing the death of another person [OCGA § 16-10-31],[1] in connection with the shooting death of Gerald Stinson.

. . .

The shooting occurred on July 16, 2005. State's witness Jonas Blue (having pleaded guilty to various charges arising from the shooting) testified at trial as follows. At the time of the shooting, he lived in a house with Lee, Lee's mother, and other members of Lee's family. A few days before the shooting, Blue arranged for Stinson to purchase computer parts from Lee. Lee and Blue discussed the anticipated sale, and Lee told Blue that he wanted to rob Stinson. Blue called Stinson on July 16 to schedule a meeting at Lee's house later that day. Lee then told Blue that he also planned to kill Stinson.

Blue testified that when Stinson arrived at the house, the three went upstairs to Lee's bedroom. While Stinson was examining the computer parts, Lee tried to shoot him, but his gun jammed. Lee handed the gun to Blue. Stinson "rushed" toward Blue, who twice hit him in the head with the gun. Stinson stumbled backward and then ran down the stairs. Lee grabbed the gun from Blue and pursued Stinson. Lee shot Stinson in the back of the head.

---

[1] We note that the trial court merged the aggravated assault count into that for armed robbery. Lee was found not guilty on the charges of murder and felony murder.

3

Blue further testified that he and Lee cleaned the scene. The two placed Stinson's body in a blanket in the back of Stinson's truck. Blue then left the house. Shortly thereafter, Lee called Blue using a cell phone that he had taken from Stinson, and he asked what he should do with Stinson's truck; Blue responded: "Just get rid of it." Later that day, Blue saw Lee with a gun that had belonged to Stinson. The day after the shooting, Blue and Lee left town; while out of town, Blue also used Stinson's cell phone.

A friend of Stinson's testified that he had planned to meet Stinson [on] the evening of July 16, 2005. When Stinson failed to appear, the friend tried to call him but got no response. Another witness, Stinson's roommate, testified that he last saw Stinson around 5:00 p.m. on July 16. The roommate also testified that Stinson owned a Glock firearm that he usually carried with him; the gun was missing from their apartment the following day.

On July 17, 2005, law enforcement officers discovered Stinson's body in his abandoned truck, which was parked on the main road leading into the subdivision where Lee lived. An inquiry into Stinson's cell phone records caused police to focus their investigation on Lee. While Lee was out of town, officers searched his house pursuant to a warrant. In Lee's bedroom, under his mattress, they discovered the keys to Stinson's truck and a "survival knife" that Stinson's business partner later identified as very similar to one he had seen in Stinson's possession. While at Lee's house, the officers also obtained from Lee's

4

mother three firearm magazines that Stinson's business partner later identified as belonging to Stinson.

Approximately one year later, after obtaining a statement from Blue that the shooting occurred at Lee's house, police searched the house again. They found no forensic evidence connecting Lee with the crime or showing that his house was the crime scene, and no weapon connecting Lee with the shooting.

(Punctuation and footnotes omitted.) *Lee I*, supra, 308 Ga. App. at 711-713. Following his conviction, Lee moved for a new trial and subsequently amended his motion to add claims of ineffective assistance of counsel. Id. at 711, 715 (3). Since the trial court refused to consider Lee's ineffectiveness claims, however, this Court vacated the part of the trial court's order denying the motion for new trial that concerned the ineffective assistance claims and remanded the case for an evidentiary hearing on those claims. Id. at 715-716 (3). On remand, Lee filed another amended motion for new trial raising his various claims of ineffective assistance of counsel. Following a hearing on Lee's claims, the trial court entered an order denying Lee's amended motion for new trial, finding that trial counsel did not provide ineffective assistance of counsel.

1. Although Lee does not question the strength of his counsel's defense theory at trial, i.e., that Blue alone planned and executed the murder and tried to shift the blame to Lee, he contends that trial counsel was ineffective by failing to investigate and present "the readily available evidence to support that theory" – that is, evidence which allegedly contradicted Blue's account of what had occurred. We address each of Lee's specific contentions in turn.

(a) Lee first contends that trial counsel was ineffective in failing to present evidence of the physical layout of Lee's home. Lee claims that the layout of his home would have undercut Blue's testimony that as Lee chased Stinson down the stairs, Lee turned into where the garage was and shot Stinson, who fell immediately to the garage floor. To support his claim at the motion for new trial hearing, Lee called his mother to the stand and introduced a computer-generated schematic of the layout of his home, showing a laundry room separating the base of the staircase from the garage. Lee's claim of ineffective counsel on this ground fails.

First, Lee has failed to show that trial counsel was deficient in failing to produce evidence of the Lee home layout. "In general, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." (Citation omitted.) *Scott v. State*, _ Ga. _, at *5 (7) (a) (Case No. S12A0193, decided Apr. 24,

6

2012). Moreover, "[a]bsent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient." (Citation and punctuation omitted.) *Raymond v. State*, 298 Ga. App. 549, 551 (1) (a) (680 SE2d 598) (2009). At the motion for new trial hearing, trial counsel explained that he had visited the Lee home and recalled the connection between the stairs and garage being much more direct than that portrayed in the computer-generated schematic. Trial counsel further testified that part of his defense theory at trial was that Blue was fully responsible for the crimes, and that Lee was not even present at the time of Stinson's murder. Given trial counsel's recollection of the Lee home, coupled with the defense theory, Lee has failed to make a strong showing that trial counsel's decision not to present evidence of the layout of Lee's home was an unreasonable trial strategy.

Second, even if we were to assume that trial counsel's conduct was deficient, Lee cannot make a showing of prejudice. Notably, in further clarifying the location of the shooting, Blue testified that it was "like right there at the base of the laundry room . . . and the garage." Thus, despite Lee's claim otherwise, evidence of the layout of his home would not have in fact refuted Blue's testimony, and Lee cannot show that there was a reasonable probability that the outcome of his trial would have been different had trial counsel produced that evidence.

(b) Lee next raises issue with trial counsel's failure to investigate a detective's note regarding the statement of the county medical examiner – that the gunshot wound to Stinson's head was consistent with him being shot while he was on his knees. Lee claims that this statement would have "directly refute[d]" the credibility of Blue's testimony that Lee shot Stinson when they were both running through Lee's home. Again, there is no merit to Lee's claim of ineffective assistance of counsel.

At the motion for new trial hearing, trial counsel testified that the county examiner's statement had no impact on, and was otherwise irrelevant to, the defense strategy that Blue committed the murder and that Lee was not involved or even present when the murder occurred. As explained in the previous subdivision, "matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." (Citation omitted.) *Scott*, supra, _ Ga. _, at *5 (7) (a). Moreover, "the degree to which an attorney chooses to cross-examine witnesses and the manner in which to attack their credibility fall within the ambit of trial tactics." (Citations, punctuation, and footnote omitted.) *Watts v. State*, 304 Ga. App. 632, 635 (697 SE2d 272) (2010). Lee has failed to make a strong showing that trial counsel's decisions not to further investigate the county examiner's statement, or otherwise use the statement to

8

impeach Blue's credibility, were unreasonable as a matter of law, under the circumstances.

Nor can Lee demonstrate that he was prejudiced by trial counsel's decision not to further investigate the county medical examiner's statement. Notably, the examiner's statement concerned the manner in which Stinson was shot, and Lee was acquitted on the charges of murder and felony murder. Thus, Lee cannot show that but for trial counsel's failure to further investigate the statement, the outcome of Lee's trial would have been different.

(c) Lee claims that trial counsel should have presented evidence regarding the absence of computer equipment in Lee's bedroom. Lee contends that a police photograph, depicting a portion of Lee's bedroom that contained no computer equipment, would have refuted Blue's testimony that Stinson was in Lee's bedroom looking at computer merchandise while Lee pulled out the handgun to shoot him. Lee cannot show how he was prejudiced by trial counsel's decision not to present such evidence. "To establish the prejudicial effect of counsel's failure to present certain evidence, one is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of the case." (Citation and punctuation omitted.) *Ware v. State*, 273 Ga. 16, 17-18 (3) (537 SE2d

9

657) (2000). Notably, the police photograph upon which Lee relies shows only a corner portion of Lee's bedroom, and as the State aptly points out in its brief, Lee's bedroom was purportedly as big as the living room according to the computer-generated schematic introduced by Lee at the motion for new trial hearing. Especially absent any showing that computer equipment was not contained elsewhere in Lee's bedroom, Lee cannot demonstrate "that there is a reasonable probability that the outcome of the trial would have been different had trial counsel taken the suggested course." (Citation, punctuation, and footnote omitted.) *Watts*, supra, 304 Ga. App. at 635.

(d) Lee contends that trial counsel should have presented evidence regarding the origin of the blanket in which Stinson's body was wrapped to refute Blue's testimony that the blanket had been taken from the laundry bin at Lee's home. In support of his claim, Lee relies upon the lack of forensic evidence on the blanket linking it to the Lee home, as well as his mother's testimony at the motion for new trial hearing that she did not know anything about the blanket. Lee, however, has again failed to show that trial counsel's conduct was deficient.

As an initial matter, during cross-examination of the investigating detective, trial counsel did in fact elicit testimony confirming the lack of any forensic evidence

10

connecting Lee to the murder. Moreover, at the motion for new trial hearing, trial counsel testified that the origin of the blanket did not impact the defense theory that Blue committed the murder, and that Lee was not involved or even present when the murder occurred. In light of the foregoing, Lee has failed to make "a strong showing that counsel's actions were not reasonable, [and] we will presume that these strategies were not deficient." (Citation and punctuation omitted.) *Raymond*, supra, 298 Ga. App. at 551 (1) (a).

Accordingly, the trial court was not clearly erroneous in finding that none of the foregoing grounds constituted ineffective assistance of counsel.

2. Lee also argues that trial counsel was ineffective by failing to object to inadmissible hearsay testimony provided by Blue. We disagree.

Lee specifically raises issue with the following colloquy between the State and Blue:

Q. And while you were in Philadelphia, did you ever – or did [Lee's aunt] ever find out what happened in that house on July 16th of 2005?

A. Yeah, I told her in Philadelphia.

Q. And what did you tell her?

A. I told her that [Lee] killed somebody.

11

Q. And what did she do?

A. She was kind of hysterical and she panicked, *but she was asking like certain questions like that's where the money came from and stuff like that.* Lee contends that the above-emphasized testimony constituted inadmissible hearsay that corroborated Blue's claims that Lee committed the murder to obtain money for his subsequent trip to Philadelphia. Even assuming the testimony was inadmissible hearsay and that trial counsel's failure to object was deficient,[2] Lee still cannot show that he suffered any prejudice. As an initial matter, Lee was in fact acquitted of murder and two counts of felony murder. Moreover, the hearsay was only cumulative of Blue's own admissible testimony describing Lee as having shot Stinson in the back of his head; that when Blue saw Lee shortly after the murder, Lee had money and gave some to Blue; that the day after the murder, Lee left for Philadelphia for a family reunion; and that when Blue met Lee in Philadelphia, he went shopping with Lee and Lee's aunt. As the admission of cumulative hearsay evidence is considered harmless error, a defendant cannot show a reasonable probability that, but for trial counsel's failure to object to such evidence, the outcome of the trial would have been different. See *Thomas v. State*, 296 Ga. App. 170, 174 (2) (c), n.12 (674 SE2d 56) (2009). Therefore, trial counsel's failure to object to Blue's testimony did not amount to ineffective assistance, and we find no error in the trial court's rejection of Lee's ineffectiveness claim.

---

[2] At the motion for new trial hearing, trial counsel could not recall why he had failed to object to Blue's testimony.

12

3. In his last enumeration of error, Lee contends that trial counsel was ineffective by failing to introduce evidence of the age difference between Lee and Blue. Lee's contention fails.

As discussed in *Lee I*, supra, 308 Ga. App. at 713 (1), the State moved in limine to exclude, as irrelevant, evidence of Lee's age. Lee's response was "that the evidence was relevant to whether Blue was a master mind or a leader to someone of such young age." (Punctuation omitted.) Id. The trial court found that Lee could elicit testimony about Lee being younger than Blue, but that Lee was excluded from presenting evidence as to the specifics of Lee's and Blue's respective ages. Id. Lee argues that trial counsel's performance was deficient insofar as he failed to elicit any other, non-specific evidence regarding the age disparity between Blue and Lee. Even assuming, arguendo, that trial counsel was deficient in failing to do so, Lee nevertheless failed to meet his burden of showing prejudice. With respect to this second prong of *Strickland*, Lee contends simply that the jury's knowledge of the age disparity between Lee and Blue "would have significantly influenced their assessment of Blue's claims that he was an unwitting bystander in Lee's premeditated plan to rob and murder [Stinson]." However, "harm cannot be shown by mere speculation and conjecture unsupported by the record." (Punctuation and footnote.) *Page v. State*, 304

Ga. App. 59, 64 (695 SE2d 379) (2010). Moreover, trial counsel revealed at the motion for new trial hearing that he believed the jury should have been able to observe at trial the obvious age disparity between Blue and Lee. In light of trial counsel's testimony, coupled with Lee's conclusory statement of speculated harm, Lee has not shown that there is a reasonable likelihood that but for trial counsel's failure to elicit additional, non-specific evidence regarding the age disparity between Lee and Blue, the outcome of the trial would have been different. Lee's allegation of ineffective assistance in connection with this issue is therefore without merit.

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*