**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 20, 2013**

# In the Court of Appeals of Georgia

A12A2577. WILLIAMS v. THE STATE.

RAY, Judge.

After a jury trial, Lisa Michelle Williams was found guilty of two counts of aggravated assault with a deadly weapon,[1] two counts of cruelty to children,[2] and one count of possession of a weapon during the commission of a crime.[3] She appeals the denial of her second amended motion for a new trial, contending that she received ineffective assistance of counsel. For the reasons that follow, we affirm.

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-5-70.

[3] OCGA § 16-11-106 (b).

Viewed appropriately,[4] the evidence, which includes Williams' testimony and a video recording filmed with the victim's cell phone, shows Williams twice shot Zekkenya Johnson, who was unarmed. Johnson, who was shot in the stomach, leg, and hand, has undergone eight surgeries, and has experienced other medical problems related to the shooting. Two of Johnson's three minor children were in the home during the shooting. One of the children, who saw Williams with the gun, said, "[Y]ou shot my mom." Williams admitted that she was carrying a gun and that she shot Johnson. She argued that she acted in self-defense because she believed that Johnson had asked an adult friend, who also was present, to retrieve her shotgun. The friend testified that no one in the house touched the shotgun, and Johnson testified that she never received it. The jury acquitted Williams of nine charges in a fourteen-count indictment, including an acquittal on one charge of attempted murder.

In her sole enumeration of error, Williams contends that her trial counsel provided ineffective assistance in not perfecting her self-defense claim. Williams argues that counsel was ineffective in introducing the victim's shotgun "sleeve," or carrying case, but in failing to tender the victim's shotgun into evidence; in failing to

---

[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

2

contact the police while the shotgun was in their custody; and in failing to examine the officer who retrieved the shotgun from Johnson's house. Specifically, Williams contends that because her testimony about the shotgun conflicted with the victim's testimony, trial counsel's failures to act, as outlined above, caused the jury to question whether the shotgun existed.

Under the test established in *Strickland v. Washington*,[5] to establish ineffective assistance of counsel, Williams must show that counsel's performance was so deficient that it fell "below an objective standard of reasonableness," and that as a result of counsel's deficient performance, she suffered actual prejudice such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6] Failure to show *both* deficiency and prejudice defeats a claim of ineffective assistance.[7] To show prejudice, "[t]he likelihood of a different result must be *substantial*, not just conceivable."[8] "The trial

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] Id. at 688.

[7] Id. at 697.

[8] (Citation omitted; emphasis supplied.) *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012).

court's determination with respect to effective assistance of counsel will be affirmed unless its findings are clearly erroneous."[9]

Williams' contention that trial counsel's actions caused the jury to believe the shotgun did not exist are without merit. Although Williams called a police officer to testify at the motion for new trial hearing that he had retrieved the shotgun from Johnson's house, his testimony added nothing to what was already in the record before the jury from the trial. Thus, counsel's failure to elicit such testimony did not prejudice Johnson's defense. Further, Johnson testified at trial that she had a shotgun. She also testified that *after Williams shot her*, she called out for someone to retrieve her gun, but no one got it for her. The adult visitor testified that she knew Johnson had a shotgun, but that neither she nor Johnson touched the shotgun that night. Williams testified that she knew that a police officer had taken control of Johnson's shotgun during the investigation. Williams also testified that only she fired shots during the incident in question. Even assuming that trial counsel was professionally deficient in failing to call the officer to testify, in failing to contact the police while

---

[9] (Citation and punctuation omitted.) *Lee v. State*, 316 Ga. App. 227, 227 (728 SE2d 847) (2012).

the shotgun was in their custody, and in failing to introduce the shotgun into evidence, Williams still cannot show prejudice.

Given the uncontroverted testimony of Johnson, her visitor, and Williams herself about the existence of the shotgun, the jury could not reasonably have believed that, as Williams contends, there was no shotgun. Because of this testimony, and the overwhelming evidence of Williams' guilt, Williams has failed to show a "substantial" likelihood that the jury's credibility determinations and weighing of the evidence regarding her claim of self-defense would have resulted in a different trial outcome if her trial counsel had pursued the suggested course of action.[10]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[10] *Hill*, supra; *Lee*, supra at 231 (1) (c).