**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0004. WILLIAMS v. THE STATE.

BARNES, Presiding Judge.

Abdu O. Williams appeals from the denial of his motion for new trial following his jury conviction for armed robbery and aggravated assault. Williams contends, among other things, that the evidence was insufficient to sustain his conviction and raises multiple claims of ineffective assistance of counsel. Upon our review, we affirm.

1. "On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation and punctuation omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

> We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain [whether] the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. … As long as there is

> some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

(Citation omitted.) *Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009); see *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence demonstrates that Williams and the victim were neighbors in a Clayton County apartments complex, and Williams also cut the hair of the victim and his children. On November 26, 2004, Williams was at the victim's home playing video games. As Williams was leaving, he asked the victim for a beer and when the victim turned his back, Williams "started cursing, [and] . . . [t]hen he slashed" the victim with a box cutter. Williams said that he wanted money, and the victim gave him $200, but Williams told him that he could not let him go "because you will talk. I've got to kill you." When Williams started slashing the victim again, the victim called out for help and then fought with Williams until he was able to take the box cutter away from him. Williams ran out of the apartment, and the victim went to a neighbor's house for help. The victim identified Williams as the person who had assaulted and robbed him.

We find the evidence sufficient to sustain Williams' convictions for armed robbery and aggravated assault. The testimony of the victim, standing alone, was sufficient to sustain the convictions. See former OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact.") The jury, not this Court, "determine[s] the credibility of the witnesses and resolve[s] any conflicts or inconsistencies in the evidence." (Citation and punctuation omitted.) *Farris v. State*, 290 Ga. 323, 324 (1) (720 SE2d 604) (2012).

2. Williams also maintains multiple claims of ineffective assistance from his trial counsel. Williams timely filed his motion for new trial on May 11, 2006, and trial counsel had died at some point after filing the motion. His first appellate counsel was appointed on August 8, 2006, and Williams' current attorney was appointed on June 29, 2009.

> To prevail on a claim of ineffective assistance of trial counsel, [a criminal defendant] must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Citation and punctuation omitted.) *Matthews v. State*, 284 Ga. 819, 821-822 (4) (672 SE2d 633) (2009). On appeal, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous but we independently apply the legal principles to the facts." *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Although Williams contends that trial counsel was ineffective for failing to object to the admission of the victim's medical records, the records he appears to complain about are the emergency notes and physical exam procedure notes that were made by the emergency room doctor who treated the victim and who testified at the trial. Williams does not specify why trial counsel should have objected to the documents or present any further argument for this broad and general assertion. Accordingly, as he has failed to support this allegation with argument or authority, it is deemed abandoned. Court of Appeals Rule 25 (c) (2); *Fields v. State*, 281 Ga. App. 733, 738-739 (2) (c) (637 SE2d 136) (2006), overturned on other grounds, *Schofield v. Holsey*, 281 Ga. 809 (642 SE2d 56) (2007).

(b) Williams also claims that trial counsel was ineffective for failing to object to speculative and "irrelevant and prejudicial testimony" about the victim's injuries,

4

but the testimony he appears to complain about is the emergency doctor's testimony about the injury to the victim's neck and its proximity to the carotid artery.

"An expert may give an opinion based upon his own examination, upon his observation, or upon any state of facts, supported by some evidence in the case, which he assumes as true." (Citation, punctuation and emphasis omitted.) *Leonard v. State*, 269 Ga. 867, 870 (3) (506 SE2d 853) (1998). Here, the doctor testified from his personal knowledge and testified concerning his medical findings from his examination of the victim in the emergency room. As such, the doctor's testimony was properly admitted, and any objection by trial counsel would have been meritless.

(c) Williams' contention that trial counsel was ineffective for failing to ensure that the voir dire and closing arguments were transcribed is meritless. "The arguments of counsel at trial are not required to be transcribed [,and] [v]oir dire is not required to be transcribed unless the prosecution is seeking the death penalty." (Citation omitted.) *Dunlap v. State*, 291 Ga. 51, 53 (3) (727 SE2d 468) (2012). Thus, trial counsel was not ineffective on this basis.

(d) Williams contends that trial counsel failed to submit appropriate jury instructions, failed to investigate the viability of a post-conviction attack of his prior felonies, and did not advise him of his right to attack his prior felony sentences. He

5

does not, however, provide any record citations, argument, or legal authority for these assertions. "[Williams'] speculation that error may have occurred is insufficient to show any deficiency on the part of counsel, or prejudice therefore, and is insufficient to show reversible error." Id. Moreover, allegations that are not supported with argument or authority are deemed abandoned. Court of Appeals Rule 25 (c) (2); *Fields v. State*, 281 Ga. App. at 738-739 (2) (c).

3. At his sentencing hearing, the State introduced for purposes of recidivist punishment, see OCGA § 17-10-7, three certified copies of guilty pleas Williams had entered to felonies in Mitchell County. Williams did not object to the admission of the guilty pleas. On appeal, he complains that following his guilty plea, the trial court did not apprise him of his right to pursue post-conviction relief, and that the trial counsel who represented him during his plea was ineffective because he did not advise Williams of the right to appeal his guilty pleas, pursue post conviction relief or the consequences of the guilty pleas.

> When the state seeks recidivist punishment in a case not involving the death penalty, it bears the burden of proving (1) the existence of prior guilty pleas and (2) that the defendant was represented by counsel in connection with those pleas. If the state offers such proof, the presumption of regularity attaches and the burden shifts to the defendant

6

to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.

(Footnotes and punctuation omitted.) *Johnson v. State*, 268 Ga. App. 1, 6 (2) (601 SE2d 392) (2004). "[Williams] can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence. A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient." *Freeman v. State*, 244 Ga. App. 393, 396 (2) (535 SE2d 349) (2000).

Here, the State produced copies of the three felony convictions showing that Williams was represented by the same appointed attorney for the 1997, 1999 and 2001 guilty pleas in Mitchell County. Thus, the State met its initial burden of proving that Williams had made the three counseled guilty pleas. Williams presents no evidence countering the presumption of regularity, thus his arguments in this regard are meritless.

4. Williams next contends that his first appellate counsel was ineffective. Specifically, he asserts that appellate counsel was ineffective for failing to investigate his case beyond the issues Williams had identified, and in failing to timely pursue habeas relief with regard to the prior guilty pleas. At the motion for new trial hearing,

7

Williams' first appellate counsel testified that he was appointed to represent Williams after Williams' trial counsel for the underlying convictions became ill. He represented Williams from August of 2006 until July of 2009 and primarily assisted him on issues related to his motion for new trial, including pursuing an ineffectiveness claim against trial counsel (who was deceased at that point), investigating alibi witnesses, and challenging the jury instructions. He further testified that in April of 2009, Williams contacted him and said that he wanted to make a *Boykin* challenge to "three pleas that he had taken out in Mitchell County, back in '97, '99 and . . . 2001." The appellate counsel testified that he informed Williams that it was too late to make a challenge to the pleas, and that in July of 2009 he was replaced with Williams' current appellate attorney.

Pursuant to OCGA § 9-14-42 (c) (1), a person whose felony conviction had become final as of July 1, 2004, has until July 1, 2008 to bring a habeas petition. Williams did not notify his first appellate counsel that he wanted to pursue habeas relief from his prior guilty pleas until well after that date. Thus, appellate counsel was not ineffective on this basis, even assuming Williams could have collaterally attacked his prior guilty pleas in the present action by way of a habeas petition.

8

Likewise, Williams' remaining contentions regarding appellate counsel are meritless, as his unsupported statements of speculated harm fail to demonstrate that there is a reasonable likelihood that but for trial counsel's alleged failures the outcome of the trial would have been different. See *Lee v. State*, 316 Ga. App. 227, 233-234 (3) (728 SE2d 847) (2012). "Failure to show both deficiency and prejudice defeats a claim of ineffective assistance." (Footnote and emphasis omitted.) *Williams v. State*, 319 Ga. App. 827, 829 (738 SE2d 637) (2013).

*Judgment affirmed. Miller and Ray, JJ., concur.*